UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA

------------------------------------------------------- x
:
**TAYLOR DUKE**                                     : **Civil Action No.** __2:20-cv-865__
**on behalf of herself and**                        :
**similarly situated employees,**                   :
                                                    : INDIVIDUAL AND
            *Plaintiff*,                            : COLLECTIVE/CLASS
                                                    : ACTION COMPLAINT
                v.                                  :
                                                    :
**HARVEST HOSPITALITIES, INC.,**                    : Jury Trial Demanded
**AND SATTAR SHAIK,**                               :
                                                    : Electronically Filed
            *Defendants.*                           :
------------------------------------------------------- X

**INDIVIDUAL AND COLLECTIVE/CLASS ACTION COMPLAINT**
**Nature of the Action, Jurisdiction, and Venue**

1. This is an individual and collective/class action under the Fair Labor Standards Act of 1938 (FLSA), 29 U.S.C. §§ 207(a) & 216(b), the Pennsylvania Minimum Wage Act (PMWA), 43 P.S. §§ 333.104(c) & 333.113, and the Pennsylvania Wage Payment and Collection Law (WPCL)(breach of contract), 43 P.S. § 260.3, to recover damages for non-payment of wages.

2. Jurisdiction of this court is invoked under 28 U.S.C. § 1331 and, for the supplemental state claims, 28 U.S.C. § 1367(a).

3. The actions and policies alleged to be unlawful were committed in whole or in part around Pittsburgh, PA, where Plaintiff worked for Defendants. This action is within the jurisdiction of, and venue is proper in, the United States District Court for the Western District of Pennsylvania.

## Parties

4. **Plaintiff Taylor Duke** resides in Aliquippa, PA, in Beaver County. Plaintiff worked for Defendants Harvest Hospitality and Sattar Shaik as a shift manager from on or about January 1, 2020, at Defendants' Robinson, PA, IHOP restaurant until she was transferred to Defendants' Homestead, PA, IHOP restaurant on or about March 18, 2020. Plaintiff worked at Defendants' Homestead, PA, IHOP restaurant until on or about May 16, 2020.

5. Plaintiff regularly performed work within the state of Pennsylvania.

6. Plaintiff was an employee within the meaning of the FLSA and PMWA.

7. **Defendant Harvest Hospitalities, Inc.,** (hereinafter "Harvest" or "Defendant Harvest") is a restaurant chain operating over twenty (20) IHOP restaurants in Pennsylvania and throughout the United States. Plaintiff worked out of the IHOP restaurants in Robinson, PA, and Homestead, PA.

8. **Defendant Sattar Shaik** (hereinafter referred to as "Shaik" or "Defendant Shaik") is the owner and operator of Defendant Harvest Hospitalities, and exercises operational control over Defendant Harvest and over issues of pay and operation of the IHOP restaurants, maintaining a registered office at 19971 Belmont Station Drive, Ashburn, VA 20147.

9. At all relevant times Defendants have been an enterprise engaged in interstate commerce with annual revenues in excess of $500,000 and have been subject to the provisions of Section 203(s)(1) of the FLSA.

10. Defendants employ in excess of 500 full time employees.

11. Defendants have annual revenues in excess of $20MM.

12. Defendants have regularly employed individuals in the state of Pennsylvania, including

Plaintiff, in the performance of work on behalf of Defendants and are, therefore, subject to the provisions of the PMWA and the WPCL.

13. Defendants are employers within the meaning of the FLSA. 29 U.S.C. § 203(d).

14. Defendants are employers within the meaning of the PMWA.

## Statement of Claims (Individual and Collective/Class )

15. Plaintiff was an hourly employee ($13/hr).

16. Plaintiff was a shift manager.

17. She worked in Defendants' IHOP restaurants first in Robinson, PA, and then in Homestead, PA.

18. There were typically three (3) shift managers assigned to each of the IHOP restaurants where Plaintiff worked.

19. There were typically around twenty (20) other hourly employees (wait staff, cooks, etc.) at each of the stores where Plaintiff worked.

20. These are the typical numbers of hourly employees at the other twenty or more IHOP restaurants owned and operated by Defendants.

21. In total, therefore, there are in excess of 500 hourly employees who have been employed by Defendants at the IHOP restaurants owned and operated by Defendants over the past three (3) years.

22. Plaintiff was a W-2 employee.

23. The other hourly employees assigned to the stores where Plaintiff worked, and the other IHOP stores owned and operated by Defendants, are and were W-2 employees.

24. Plaintiff was an employee within the meaning of the FLSA and PMWA.

25. The other hourly employees assigned to the stores where Plaintiff worked, and the other IHOP stores owned and operated by Defendants, were and are employees within the meaning of the FLSA and, for employees working in PA, the PMWA.

26. Plaintiff reported first to the Robinson, PA, restaurant from on or about January 1, 2020, until March 18, 2020, and then to the Homestead, PA, restaurant until on or about May 16, 2020.

27. As noted above, Plaintiff was paid an hourly wage ($13/hour).

28. Plaintiff was non-exempt within the meaning of the FLSA and PMWA.

29. The other hourly employees at the restaurants where Plaintiff worked and the other IHOP restaurants owned and operated by Defendants were also non-exempt within the meaning of the FLSA and, for employees working in PA, the PMWA.

30. Defendants promised Plaintiff she would be paid an hourly rate of pay (also referred to as a "regular rate of pay") of $13/hr for hours worked.

31. Defendants promised the other hourly employees they would be paid a regular rate of pay, varying from the minimum wage to as high as $15/hr or more, for hours worked.

32. Plaintiff and the other hourly employees employed by Defendants at the IHOP restaurants relied on the promises made by Defendants to pay them an hourly wage for hours worked.

33. Defendants' promises, and Plaintiff and the other hourly employees' reliance on these promises and performance based on these promises, created an enforceable contract to pay the promised hourly wages.

34. Plaintiff was further entitled to payment of overtime at one-and-one-half times her regular rate of pay for the hours worked in excess of forty hours in workweeks.

35. The other hourly employees employed at the restaurants where Plaintiff worked and the

other IHOP restaurants were also entitled to payment of overtime at one-and-one-half times the regular rate of pay for the hours worked in excess of forty hours in workweeks.

36. Plaintiff worked overtime hours in one or more workweeks during her employment.

37. Many of the other hourly employees at the restaurants where Plaintiff worked, and the other IHOP restaurants owned and operated by Defendants, worked overtime hours in one or more workweeks during their employment.

38. Notwithstanding the enforceable promises to pay the hourly rate of pay for hours worked, and notwithstanding the legal obligation to pay overtime at one-and-one half times the promised hourly rate (the "regular rate of pay"), Defendants failed to pay to Plaintiff and the other hourly workers the regular rate of pay for hours worked or the required overtime pay for hours worked in excess of 40 hours in workweeks.

39. Specifically, Defendants intentionally falsified the time records of Plaintiff and the other hourly employees in order to reduce the pay to Plaintiff and the other hourly employees.

40. The intentional falsification occurred at the explicit direction of Defendant Shaik to the managers of the respective stores, and was carried out by these managers, including at the stores where Plaintiff worked and at the other IHOP restaurants owned and operated by Defendants.

41. The intentional falsification was motivated by a simple objective: save money.

42. The intentional falsification was done with the full knowledge that such falsification was a violation of both the FLSA and, for the hourly employees in PA, the PMWA.

43. Plaintiff clocked in and clocked out each day in a computer-based system by entering when she started to work, when – if at all - she took a lunch break, and when she stopped working at the end of the day.

44. The other hourly employees at the restaurants where Plaintiff worked, and the other

hourly employees at the other IHOP restaurants owned and operated by Defendant, used the same time-keeping system as Plaintiff.

45. Defendant Shaik explicitly directed the managers of the respective stores to alter the time records of the hourly employees, including Plaintiff and the other hourly employees at the IHOP restaurants owned and operated by Defendants, in order to reduce the pay – both straight time pay at the regular rate as well as overtime pay – to Plaintiff and the other hourly employees.

46. Defendants, employers with knowledge of their obligations under the FLSA and the PMWA, understood they were required to maintain accurate records of time worked by Plaintiff and the other hourly employees.

47. Yet, as a matter of custom and practice Defendants regularly altered the time records of Plaintiff and the other hourly employees by deleting hours recorded by the hourly employees in order to reduce the recorded hours and, in turn, reduce pay (straight time and overtime) owed.

48. By altering the time records Defendants regularly eliminated the records of overtime hours worked in many workweeks and, in turn, avoided paying overtime pay otherwise due to Plaintiff and the other hourly employees.

49. This was the policy in the Robinson, PA, and Homestead, PA, restaurants as well as the other IHOP restaurants owned and operated by Defendants.

50. As a matter of common policy and practice Defendants have falsified the time records by reducing the hours recorded ostensibly worked by Plaintiff and the other hourly employees at in the Western PA restaurants and, in turn, failed to pay wages (straight and overtime) due.

51. Defendants' practices of failing to maintain accurate records of time worked by Plaintiff and the other hourly employees, falsifying Plaintiff's and the other hourly employees' time records, and failing to pay overtime wages due in overtime workweeks were a

violation of the FLSA and PMWA.

52. For purposes of this lawsuit the other hourly employees who have been subjected to these same common policies and practices (falsifying time records, failing to pay the promised regular rate of pay, failing to pay the required overtime rate of pay for overtime hours) are considered "similarly situated hourly employees."

53. Defendants knowingly and intentionally violated the FLSA's explicit requirement at 29 U.S.C. §211(c) that they maintain accurate records of time worked, and at 29 U.S.C. §207(a) that they pay at time-and-one-half the regular rate of pay for overtime worked.

54. Defendants also violated PA common law and the Pennsylvania Wage Payment and Collection Law (WPCL) by breaching its contractual duty to pay Plaintiff and the other hourly employees their promised wages.

55. Despite its contractual obligation to compensate Plaintiff and the other hourly employees for work performed during non-overtime hours, Defendants breached those contractual obligations when it withheld Plaintiff and the other hourly employees' wages by subtracting overtime hours from the hours worked and requiring the hourly employees to work off the clock.

56. Defendants did not have any good-faith basis on which to withhold the wages.

57. As a result of Defendants' breaches, Plaintiff and the other hourly employees have been denied the benefit of the bargain, and have suffered substantial damages in the form of unpaid wages.

58. Defendants' violations of the FLSA, PMWA and WPCL have been knowing, willful and in reckless disregard of the FLSA, PMWA and WPCL.

## COUNT I:  VIOLATION OF THE FLSA
### Individual and Collective Action

59. Plaintiff incorporates by reference the preceding paragraphs of this complaint.

60. Plaintiff and all other similarly situated hourly employees are employees of Defendants within the meaning of the FLSA.

61. Defendants are employers within the meaning of the FLSA.

62. Plaintiff and all other similarly situated hourly employees have been paid an hourly rate.

63. Plaintiff and all other similarly situated hourly employees have worked more than forty hours per week (overtime work) in one or more workweeks.

64. Defendants have not paid overtime compensation to Plaintiff and all other similarly situated hourly employees for all hours of overtime.

65. Defendants have not paid overtime compensation to Plaintiff and all other similarly situated hourly employees at the proper overtime rate.

66. Defendants have failed to maintain accurate records of time worked for Plaintiff and all other similarly situated hourly employees.

67. Defendants have falsified time records of time worked by Plaintiff and all other similarly situated hourly employees.

68. Plaintiff and the other similarly situated hourly employees have been non-exempt within the meaning of the FLSA.

69. Defendants' failure to pay overtime at the proper rate to the hourly employees have violated and continues to violate the FLSA.

70. For at least the past three years, Defendants' violations of the FLSA are knowing, willful, and in reckless disregard of the FLSA's overtime and time-keeping requirements.

71. Plaintiff and all other similarly situated hourly employees are entitled to recover from Defendants the overtime pay improperly withheld by Defendants, plus interest, attorneys' fees, and costs.

72. Plaintiff and all other similarly situated hourly employees are also entitled to recover liquidated damages under 29 U.S.C. §§ 207(a) & 216(b).

### COUNT II:  VIOLATION OF THE PMWA
### Individual and Class Action ( PA Hourly Employees)

73. Plaintiff incorporates by reference the preceding paragraphs of this complaint.

74. Plaintiff and all other similarly situated hourly employees in Pennsylvania are employees of Defendants within the meaning of the PMWA.

75. Defendants are employers within the meaning of the PMWA.

76. Plaintiff and all other similarly situated hourly employees in PA have been paid an hourly rate.

77. Plaintiff and all other similarly situated hourly employees have worked more than forty hours per week (overtime work) in one or more workweeks.

78. Defendants have not paid overtime compensation rate to Plaintiff and all other similarly situated hourly employees for all hours of overtime.

79. Defendants have not paid overtime compensation to Plaintiff and all other similarly

situated hourly employees at the proper overtime rate.

80. Defendants have failed to pay Plaintiff and all other similarly situated hourly employees for hours worked in overtime weeks at the promised rate.

81. Plaintiff and all other similarly situated hourly employees are non-exempt within the meaning of the PMWA.

82. Defendant's failure to pay overtime to Plaintiff and similarly situated hourly employees employed in Pennsylvania violates the PMWA.

83. Defendant's failure to maintain accurate records of time worked for Plaintiff and similarly situated hourly employees employed in Pennsylvania violates the PMWA.

84. Plaintiff and similarly situated hourly employees employed in Pennsylvania are entitled to recover from Defendants the overtime pay improperly withheld by Defendants, plus interest, attorneys' fees, and costs.

## COUNT III:  BREACH OF CONTRACT
### Individual and Class Action (All Hourly Employees)

85. Plaintiff hereby incorporates by reference the preceding paragraphs of this complaint.

86. When Defendants hired Plaintiff and the other hourly employees at the IHOP restaurants owned and operated by Defendants the Defendants made definite, clear promises to pay a certain hourly rate for hours worked.

87. Those promises created enforceable contractual obligations.

88. Plaintiff and the other hourly employees provided consideration for those promises by promising to deliver and actually delivering valuable services to Defendants.

89. Despite its contractual obligation to compensate Plaintiff and the other hourly employees for work performed, Defendants breached those contractual obligations when they falsified time records and, in turn, withheld Plaintiff's and the other hourly employees' pay.

90. The amount owed to Plaintiff and the other hourly employees represents wages.

91. Defendants did not have any good-faith basis on which to withhold the wages.

92. As a result of Defendants' breaches, Plaintiff and the other hourly employees have been denied the benefit of the bargain, and have suffered substantial damages in the form of unpaid wages.

93. Plaintiff and the other hourly employees are entitled to damages commensurate with the unpaid wages, plus interest, plus compensatory damages resulting from the breach.

### COUNT IV:  VIOLATION OF THE WPCL
### Individual and Class Action (PA Hourly Employees)

94. Plaintiff hereby incorporates by reference the preceding paragraphs of this complaint.

95. Defendants' contractual obligation to pay Plaintiff and the other hourly employees employed by Defendants in PA for hours worked each hour at an agreed upon amount created obligations under the WPCL, 43 P.S. § 260.1 *et seq*.

96. The compensation Defendants failed to pay to Plaintiff and the other hourly employees employed in PA for hours worked constitutes wages within the meaning of the WPCL.

97. Defendants violated the WPCL by failing to pay the promised wages to Plaintiff and the other hourly employees employed by Defendants in PA.

98. Defendants did not have any good-faith basis for withholding the promised wages.

99. Plaintiff and the other hourly employees employed by Defendants in PA are entitled to unpaid wages as well as statutory penalties (25% of unpaid wages), pre-judgment and post-judgment interest, attorneys' fees, and costs.

## PRAYER FOR RELIEF

100. WHEREFORE, Plaintiff and all others similarly situated respectfully request that this Court:

    A. Order Defendants to pay the unpaid overtime compensation owed to Plaintiff and all other similarly situated hourly employees;

    B. Order Defendants to pay liquidated damages to Plaintiff and all other similarly situated hourly employees;

    C. Order Defendants to pay Plaintiff and the similarly situated hourly employees for unpaid non-overtime wages;

    D. Order Defendants to pay pre- and post-judgment interest as well as the litigation costs and reasonable attorneys' fees incurred by Plaintiff and all other similarly situated hourly employees; and

    E. Grant such further relief as the Court deems necessary and proper.

Respectfully submitted,

 s/Joseph H. Chivers
Joseph H. Chivers, Esq.
PA ID No. 39184
First & Market Building
Suite 650
100 First Avenue
Pittsburgh, PA  15222
jchivers@employmentrightsgroup.com
Tel: (412) 227-0763
Fax: (412) 774-1994

*Counsel for Plaintiff
and all others similarly situated*

Dated: June 12, 2020