IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TAYLOR DUKE, ON BEHALF OF HERSELF AND SIMILARLY SITUATED EMPLOYEES,<br><br>   Plaintiff,<br><br>  vs.<br><br>HARVEST HOSPITALITIES, INC., SATTAR SHAIK,<br><br>   Defendants. | 2:20-CV-00865-CCW |

### MEMORANDUM OPINION AND ORDER GRANTING CONSENT MOTION TO CONDITIONALLY CERTIFY AN FLSA COLLECTIVE ACTION AND TO FACILITATE NOTICE

Before the Court is Plaintiff Taylor Duke's Consent Motion for Approval and Stipulation to Conditional Certification ("the Stipulation") (Doc. No. 56) which seeks to conditionally certify the case as a collective action pursuant to 29 U.S.C. § 216(b) to include "All hourly paid workers employed by IHOP stores within the Harvest Hospitalities franchise at any time from October 23, 2017 to the present." (Stip., Doc. No. 56, at 1).

A court can conditionally certify an FLSA collective action if the plaintiff makes a "modest factual showing" that she is similarly situated with the other members of the proposed collective action: "[t]his is a lenient standard, requiring the plaintiff to produce 'some evidence, "beyond pure speculation," of a factual nexus between the manner in which the employer's alleged policy affected her and the manner in which it affected other employees.'" *Jones v. Alliance Inspection Mgmt., LLC*, Civil Action No. 13-1662, 2014 WL 1653112, at *11 (W.D. Pa. Apr. 24, 2014) (quoting *Symczyk v. Genesis HealthCare Corp.*, 656 F.3d 189, 192–93 (3d Cir. 2011), *rev'd on*

*other grounds*, 133 S.Ct. 1523 (2013) (quoting *Smith v. Sovereign Bancorp, Inc.*, Civil Action No. 03-2420, 2003 WL 22701017, at *3 (E.D. Pa. 2003))).

Plaintiff Duke was an hourly worker at two of Harvest Hospitalities' IHOP locations between January 1, 2020 and May 16, 2020. (Am. Compl., Doc. No. 47, ¶¶ 4, 26–27; Decl. of T. Duke, Doc. No. 38-1, at ¶¶ 3–4). She alleges that Harvest Hospitalities' owner, Defendant Sattar Shaik, "directed the managers of the respective [IHOP] stores to alter the time records of the hourly employees . . . to reduce the pay — both straight time pay at the regular rate as well as overtime pay — to Plaintiff and the other hourly employees" and that Defendants did so. (Am. Compl., Doc. No. 47, at ¶¶ 8, 45, 47–48; Decl. of T. Duke, Doc. No. 38-1, at ¶¶ 3, 14, 18, 20–25).

Both Plaintiff Duke and many members of the proposed collective action worked more than 40 hours in a single week for Defendants. (Am. Compl., Doc. No. 47, at ¶¶ 36, 37; Decl. of T. Duke, Doc. No. 38-1, at ¶ 3; *see also*, Decl. of H. McClain, Doc. No. 38-3, at ¶¶ 37–41).

In support of her request to conditionally certify the collective action, Plaintiff Duke filed supporting declarations of several individuals including another hourly Harvest Hospitalities worker, Opt-in Plaintiff Daryl Beck (Doc. No. 38-2), and a district manager for Harvest Hospitalities, Heather McClain (Doc. No. 38-3). The declarations corroborate Plaintiff's claim that she is similarly-situated to other employees of Harvest Hospitalities' IHOP stores with respect to her FLSA claims. (Decl. of D. Beck, Doc. No. 38-2, at ¶¶ 8–10; Decl. of H. McClain, Doc. No. 38-3, at ¶¶ 6, 19, 22, 26, 27 ("The complaint accurately describes the organization and staffing at the restaurants where Duke worked, the fact the hourly workers were W-2 employees, the fact that Duke and the other hourly workers all used the same electronic time-keeping system, and the fact that Defendants either prevented her and the other hourly workers from recording all hours worked or altered the time records entered by Plaintiff and the other hourly employees in order to

reduce their pay. Ms. Duke is also correct that these same policies and practices of preventing hourly employees from recording all time worked and altering their time records to reduce their pay was happening at the other IHOP restaurants owned and operated by the Defendants.")).

The Court is satisfied that Plaintiff Duke has made a "modest factual showing" that she is similarly situated to the members of the proposed collective action given the "lenient standard" set forth above. Therefore, the Court ORDERS that this case is conditionally certified as a collective action under 29 U.S.C. § 216(b) and will proceed as such until further order of the Court. The collective action shall consist of the following:

> **All hourly paid workers employed by IHOP stores within the Harvest Hospitalities franchise at any time from October 23, 2017, through the present.**

IT IS FURTHER ORDERED that the Court authorizes the Notice of Collective Action and Consent Form filed as Exhibit B to the Stipulation (Doc. No. 56), to be delivered or otherwise disseminated by mail.

IT IS FURTHER ORDERED that the parties shall comply with the following schedule:

| | |
|---|---|
| **No later than December 2, 2020** | Counsel for Defendants shall provide to Collective Counsel in Excel (.xlsx) format the following information regarding all Putative Collective Members: full names; last known mailing addresses with city, state, and zip code; all known email addresses; all known telephone numbers; dates that employment began; and dates that employment ended, if applicable. |
| **No later than January 2, 2021** | Collective Counsel must send a copy of the Court-approved Notice and Consent Form to every Putative Collective Member by First Class U.S. Mail. |
| **No later than February 16, 2021** | The Putative Collective Members shall have until February 16, 2021 to return their signed Consent Forms to Collective Counsel for filing with the Court (the "Notice Period"). |
| **No later than February 26, 2021** | Collective Counsel shall file with the Court all signed Consents to Join. |

DATED this 18th day of November, 2020.

BY THE COURT:

/s/ Christy Criswell Wiegand
CHRISTY CRISWELL WIEGAND
United States District Judge

cc (via ECF email notification):

All Counsel of Record