IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TAYLOR DUKE, | ) |
| Plaintiff, | ) 2:20-CV-00865-CCW |
| v. | ) |
| HARVEST HOSPITALITIES, INC., SATTAR SHAIK, | ) |
| Defendants. | ) |

**MEMORANDUM OPINION**

Before the Court is Plaintiff Taylor Duke's Motion (on behalf of herself and similarly situated employees) for Leave to Narrow the Complaint and Dismiss Certain Opt-Ins Without Prejudice. For the reasons set forth below, Plaintiff's Motion will be granted.

I.   **Background**

Plaintiff is a former employee of Defendants' IHOP restaurants in Robinson and Homestead, Pennsylvania. Plaintiff alleges that Defendant Harvest Hospitalities, Inc., ("Harvest") is a restaurant chain operating over twenty IHOP restaurants in Pennsylvania and throughout the United States, and that Defendant Sattar Sheik owns and operates Harvest. ECF No. 47 ¶¶ 7-8. In this case, Plaintiff alleges that Defendants failed to pay Plaintiff and other similarly situated employees of Defendants' restaurants certain wages, including minimum wage and overtime, that are required under the Fair Labor Standards Act ("FLSA") and the Pennsylvania Minimum Wage Act ("PMWA"). Plaintiff also asserts a breach of contract claim under the Pennsylvania Wage Payment and Collection Law ("WPCL"). The case includes both a collective action component under the FLSA, as well as a class action component.

On June 12, 2020, Plaintiff filed an "Individual and Collective and Class Action Complaint" on behalf of herself and similarly situated employees seeking damages under the FLSA, PMWA and WPCL due to Defendants' alleged failure to pay certain wages (including minimum wage and overtime). ECF No. 1.[1] After Defendants answered the Complaint, Plaintiff filed a First Amended Complaint that expanded the scope of this action to include claims under the laws of Maryland, New Jersey, and Virginia, which Defendants answered on October 30, 2020. *See* ECF Nos. 14, 47, 54.

On November 18, 2020, this Court granted the parties' Agreed Motion for Approval of Stipulation to Conditional Certification, and conditionally certified a collective action pursuant to 29 U.S.C. § 216(b) that includes "[a]ll hourly paid workers employed by IHOP stores within the Harvest Hospitalities franchise at any time from October 23, 2017 to the present." ECF No. 59. The opt-in period closed on February 26, 2021, and 293 individuals filed opt-in forms. ECF Nos. 89 at 2, 90 at 2. Fact discovery is ongoing and is scheduled to close on October 29, 2021. ECF No. 85.

In her current Motion, Plaintiff seeks leave to narrow the case by voluntarily dismissing certain opt-in Plaintiffs so that the remaining FLSA collective would be limited to restaurants in and around Pittsburgh and Harrisburg, Pennsylvania. ECF No. 89 at 3. Plaintiff also seeks to file a Second Amended Complaint that would conform the pleadings to the voluntary dismissal by reducing the scope of claims to only those involving Plaintiff and other similarly situated employees in the Pittsburgh and Harrisburg regions. ECF No. 89 at 3; *see* ECF No. 88-1. Defendant opposes Plaintiff's Motion and requests that these opt-in plaintiffs be dismissed with

---

[1] Defendants answered Plaintiff's Complaint on August 10, 2020. ECF No. 14.

prejudice or, in the alternative, with conditions sufficient to protect Defendants from legal prejudice.  ECF No. 90 at 3-4.

## II.     Legal Standard

### a.  Voluntary Dismissals Under Rule 41(a)(2) in the Context of the FLSA

Collective actions under 29 U.S.C. § 216(b) of the FLSA "enable plaintiffs to vindicate their rights … at lower cost to each individual and promote judicial economy by resolving common issues arising from the same activity in the same proceeding."  *Fischer v. Fed. Express Corp.*, 509 F. Supp. 3d 275, 282 (E.D. Pa. 2020).  Participants in a § 216(b) collective action must be "similarly situated" and must file individual consent to opt-in.[2]  *Andrako v. United States Steel Corp.*, 788 F. Supp. 2d 372, 377 (W.D. Pa. 2011) (Ambrose, J.).  If the Court finds that the collective action members are not similarly situated, the Court "will decertify the group, dismiss the opt-in plaintiffs *without prejudice*, and permit any remaining plaintiffs to move on to the trial stage of litigation."  *Karlo v. Pittsburgh Glass Works, LLC*, Civil Action No. 10-cv-1283, 2014 U.S. Dist. LEXIS 43043 at *48 (W.D. Pa. Mar. 31, 2014) (emphasis added) citing *Andrako*, 788 F. Supp. 2d at 378;  *Lugo v. Farmer's Pride Inc.*, 737 F. Supp. 2d 291, 299-300 (E.D. Pa. 2010) ("The law makes clear that, upon decertification, the opt-in plaintiffs are dismissed without prejudice").

Although the FLSA provides a mechanism to join the collective action,[3] it does not explicitly "provide a method whereby an opt-in plaintiff may unilaterally withdraw once they have

---

[2] District Courts in the Third Circuit have developed a two-stage test to administer FLSA collective actions.  In the first stage, the Court uses a "fairly lenient" standard to preliminarily determine whether the proposed class consists of similarly situated employees for the purposes of notice to potential opt-in plaintiffs and related pretrial discovery.  In the second stage, having benefited from additional discovery, the Court uses a "significantly higher" standard to make a final certification decision based on whether the class is "similarly situated."  *Andrako*, 788 F. Supp. 2d at 377-78.

[3] Despite the "unanswered question of what 'party status' means in a collective action, particularly before a district court has considered whether those who have filed consent forms are in fact 'similarly situated' to the named

joined the litigation." *Mancuso v. Fla. Metro. Univ., Inc.*, Case No. 09-61984-CIV-COHN/SELTZER, 2010 U.S. Dist. LEXIS 151565 at *3 (S.D. Fl. Sept. 17, 2010); *see also Reyes v. Texas EZPawn, L.P.*, Civil Action No. V-03-128, 2006 WL 3513936 at *1 (S.D. Tex. Dec. 6, 2006) ("[S]imply withdrawing the consent forms of opt-in plaintiffs does not automatically dismiss their claims without an order of this Court."). When the voluntary dismissal of an opt-in plaintiff is contested,[4] courts have generally applied the Rule 41(a)(2) standard. Fed. R. Civ. P. 41(a)(2); *see Costanza v. Citizens Fin. Grp., Inc.,* Civil Action No. 10-cv-0320, 2011 U.S. Dist. LEXIS 121568 at *5-7 (W.D. Pa. Oct. 20, 2011) (Lancaster, C.J.); *Reyes*, 2006 WL 3513936, at *1; *In re Allstate Ins. Co. Fair Labor Standards Act Litig.*, MDL No. 1541, 2008 U.S. Dist. LEXIS 111338 at *3-6 (D. Ariz. July 14, 2008).

Under Rule 41(a)(2), "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." *Zamias v. Fifth Third Bank*, Civil Action No. 17-cv-153, 2018 U.S. Dist. LEXIS 103803, at *4-5 (W.D. Pa. June 21, 2018) (Gibson, J.). A "voluntary dismissal without prejudice is not a matter of right" and such motion "lies within the

---

plaintiff for purposes of § 216(b)," *Halle v. W. Penn Allegheny Health Sys.*, 842 F.3d 215, 225 (3d Cir. 2016), courts have tended to treat opt-in plaintiffs as if they were parties. *Dunkel v. Warrior Energy Servs.*, Civil Action No. 13-cv-00695, 2015 U.S. Dist. LEXIS 73070 at *7 (W.D. Pa. June 5, 2015) ("[FLSA opt-ins] "are, by statute, 'party plaintiffs,' so they have some responsibility to participate in the lawsuit that they have joined."); *Camesi v. Univ. of Pittsburgh Med. Ctr.*, 753 F. App'x 135, 140-41 (3d Cir. 2018) (finding that a "defendant can be a prevailing party against unnamed plaintiffs who have voluntarily dismissed their claims" in awarding costs under Rule 54); *Prickett v. Dekalb County*, 349 F.3d 1294, 1297 (11th Cir. 2003) ("The statute does not indicate that opt-in plaintiffs have a lesser status than named plaintiffs insofar as additional claims are concerned."); *Mickles v. Country Club Inc.*, 887 F.3d 1270, 1278 (11th Cir. 2018) ("[T]he opt-in plaintiffs remain party plaintiffs until the district court determines they are not similarly situated and dismisses them."); *Ruffing v. Wipro Ltd.*, Civil Action No. 20-cv-5545, 2021 U.S. Dist. LEXIS 59190 at *7-8 (E.D. Pa. Mar. 29, 2021) ("Those who opt-in to the FLSA collective action become actual parties to the litigation unlike class members in a Rule 23 action."); *Medina v. Happy's Pizza Franchise, LLC*, Civil Action No. 10-C-3148, 2012 U.S. Dist. LEXIS 13346 at *14 (N.D. Ill. Feb. 3, 2012) (allowing a subclass without a named plaintiff to proceed because "[e]very opt-in plaintiff is a party to the case").

[4] Some courts have allowed the unopposed withdrawal of an opt-in plaintiff's consent. *Kuznyetsov v. W. Penn Allegheny Health Sys.*, Civil Action No. 10-cv-948, 2014 U.S. Dist. LEXIS 150503 (W.D. Pa. Oct. 23, 2014) (noting that 1,000 opt-in plaintiffs were reduced to 824 opt-in plaintiffs "through motions and voluntary dismissals."); Order Approving Notice of Withdrawal of Opt-in Plaintiff, *Hunt v. McKesson Corp.*, Civil Action No. 16-cv-01834 (W.D. Pa. Sept. 25, 2019) (Hornak, C.J.), ECF No. 160; *Coffey v. Direct Gen. Ins. Agency, Inc.*, No. 6:12-cv-987-Orl-36DAB, 2013 U.S. Dist. LEXIS 48294 at *2 (M.D. Fla. Mar. 14, 2013) ("All Opt-ins Plaintiffs in this Florida case have since withdrawn their consents to join the case and have joined the Tennessee collective action instead.")

4

sound discretion of the district court." *Zamias,* 2018 U.S. Dist. LEXIS 103803, at *5 (internal citations omitted); *Marinkovic v. Mercer Cnty. Tax Claim Bureau*, Civil Action No. 16-cv-292, 2017 U.S. Dist. LEXIS 44048, at *6 (W.D. Pa. Mar. 27, 2017) (Cercone, J.). "A court should grant a motion for voluntary dismissal unless the defendant will suffer some plain legal prejudice," *Zamias*, 2018 U.S. Dist. LEXIS 103803, at *5 (internal citations omitted), other than the "mere prospect of a second lawsuit." *Shamrock Creek LLC v. Borough of Paramus*, 683 Fed. Appx. 142, 144 (3d Cir. 2017); *see also Scott v. Chipotle Mexican Grill, Inc.*, 2015 U.S. Dist. LEXIS 175727, at *231 (S.D.N.Y. 2015) ("dismissal without prejudice is the norm under Rule 41(a)(2)").

Courts in this District consider the following factors under Rule 41(a)(2): "(1) the excessive and duplicative expense of a second litigation; (2) the effort and expense incurred by the defendant in preparing for trial; (3) the extent to which the current suit has progressed; (4) the plaintiff's diligence in bringing the motion to dismiss and explanation thereof; and (5) the pendency of a dispositive motion by the nonmoving party in deciding the motion." *Zamias*, 2018 U.S. Dist. LEXIS 103803, at *5-6; *Maxim Crane Works, LP v. Smith Transp. Servs.*, Civil Action No. 15-cv-59, 2016 U.S. Dist. LEXIS 95598 at *7-8 (W.D. Pa. July 22, 2016) (Conti, C.J.); *Marinkovic v. Mercer Cnty. Tax Claim Bureau*, Civil Action No. 16-cv-292, 2017 U.S. Dist. LEXIS 44048, at *6 (W.D. Pa. Mar. 27, 2017) (Cercone, J.). In exercising its "broad equitable discretion" under Rule 41(a)(2), the District Court may impose costs and attach conditions to the dismissal as it deems appropriate. *See* Fed. R. Civ. P. 41(a)(2) ("on terms that the court considers proper"); *see also Ellis v. Merrill Lynch & Co.*, Civil Action Nos. 86-2865, 86-3375, 1989 U.S. Dist. LEXIS 14720 at *13-14 (E.D. Pa. Dec. 6, 1989).

### b. Amending a Complaint under Rule 15(a)

When a party moves to amend a complaint pursuant to Rule 15(a) after "the deadline in a district court's scheduling order has passed," the party must show "good cause" under Rule

16(b)(4).[5] *Premier Comp Sols., LLC v. UPMC*, 970 F.3d 316, 319 (3d Cir. 2020); *DLJ Mortgage Capital, Inc. v. Sheridan*, 975 F.3d 358, 370 n. 53 (3d Cir. 2020).

If the party seeking to amend its complaint meets its burden to show good cause, the Court will consider whether the party also satisfies Rule 15(a)'s "more liberal standard." *Premier Comp Sols., LLC,* 970 F.3d, at 319. "Generally, Rule 15 motions should be granted." *United States ex rel. Customs Fraud Investigations, LLC v. Victaulic Co.*, 839 F.3d 242, 249 (3d Cir. 2016). In its discretion, a Court may "deny a Rule 15(a) motion for leave to amend: when '(1) the moving party has demonstrated undue delay, bad faith or dilatory motives, (2) the amendment would be futile, or (3) the amendment would prejudice the other party.'" *Id.*; *see also Schomburg v. Dow Jones & Co.*, 504 Fed. Appx. 100, 103 (3d. Cir. 2012); *Johnston v. Titan Logistics & Res., LLC*, Civil Action No. 17-cv-1617, 2020 U.S. Dist. LEXIS 201486 at *12-13 (W.D. Pa. Oct. 29, 2020) (Fischer, J.). "As to prejudice, the Court of Appeals has considered whether allowing an amendment would result in additional discovery, cost, and preparation to defend against new facts or new theories." *Graham v. Progressive Direct Ins. Co.*, 271 F.R.D. 112, 122 (W.D. Pa. 2010) (Fischer, J.) (internal citations omitted).

### III.   Analysis

#### a.   Opt-in Plaintiffs are Entitled to Voluntary Dismissal without Prejudice

In an exercise of its sound discretion, the Court finds that the opt-in plaintiffs in this action who did not work in the restaurants in the Pittsburgh and Harrisburg area should be dismissed without prejudice.

---

[5] The Court notes that that District Courts in the Third Circuit have applied Rule 41 to permit fewer than all plaintiffs to withdraw from an action. *Loose v. N. Wildwood City*, Civil Action No. 10-658, 2012 U.S. Dist. LEXIS 18005, at *3-4 (D.N.J. Feb. 14 2012); *Zeffiro v. First Pa. Banking & Trust Co.*, 82 F.R.D. 31, 32-33 (E.D. Pa. 1979) (granting unopposed motion of one of three plaintiffs to withdraw in her capacities as both plaintiff and class action representative); *see also* 8 James Wm. Moore, Moore's Federal Practice, § 41.13(6) (2021) ("Rule 41 overlaps with Rule 15(a) to the extent that a plaintiff can effectively amend the pleading by dismissing particular parties or claims from the action."); *id.* at § 41.21(3)(b).

### i. Risk of Excessive and Duplicative Expense of a Second Litigation

Given the FLSA context, the Court finds that dismissal of opt-in plaintiffs would not increase the risk of excessive and duplicative expense of a second litigation. If, at the time of final certification, the Court were to find that the members of the proposed collective action are not "similarly situated," the opt-in plaintiffs would be dismissed without prejudice and each opt-in plaintiff would be entitled to file another suit against the Defendants. In *Scott v. Chipotle Mexican Grill, Inc.*, the Court found that, although the opt-in plaintiffs were permitted to withdraw without prejudice and refile their case, the Defendant "will already have completed the vast majority of its discovery from its work in this case and would likely need to do little else." 2015 U.S. Dist. LEXIS 175727, at *233. Further "mere duplicative legal costs are insufficient grounds on which to dismiss a claim with prejudice under Rule 41(a)." *Id.* Here, Defendants seek to foreclose the "mere prospect of a second lawsuit" that opt-in plaintiffs would be entitled to should the Court decertify the collective action.

Defendants allege that it would be "unfair in the extreme to force Defendants, and multiple other district courts, to start over from square one with a rash of individual cases." ECF No. 90 at 8. However, FLSA opt-in plaintiffs in this Court have been able to withdraw without prejudice *even when* they manifest their intent to pursue a second state action in state court. *See Costanza v. Citizens Fin. Grp., Inc.*, Civil Action No. 10-cv-0320, 2011 U.S. Dist. LEXIS 121568 at *6-7 (W.D. Pa. Oct. 20, 2011) (Lancaster, C.J.) (finding that plaintiff's "intent to re-file a PMWA claim in state court is not plain prejudice," and that any "duplicative expenses in future federal court litigation on issues of claim incompatibility" were "highly speculative" because they depended on the defendants' successful removal). Here, the Court is not aware of any opt-in plaintiff's intent to pursue another action and, even if that were the case, a substantial amount of the discovery efforts would arguably be relevant to such second case. *See Scott*, 2015 U.S. Dist. LEXIS 175727,

7

at *231-34. Delaying withdrawal without prejudice of opt-in plaintiffs to the time of final certification would only lead to a greater risk of excessive and duplicative expense of a second litigation.

### ii. Effort and Expense Incurred by the Defendant in Preparing for Trial

To assess the effort and expense incurred by the defendant in preparing for trial, courts look at both how long the case has been pending and how much activity has occurred during that time. *Am. Int'l Relocation Sols. v. Andrew Powers & TRC Glob. Mobility, Inc.*, Civil Action No. 17-cv-01564, 2019 U.S. Dist. LEXIS 60701 at *12-13 (W.D. Pa. Apr. 9, 2019) (Hornak, C.J.) (finding that to a "large extent the amount of effort and expense" was due to Plaintiff "sounding the alarm of urgency through its early motions" including a preliminary injunction, a motion to expedite discovery, and numerous discovery disputes); *Buse v. Vanguard Grp. of Inv. Cos.*, Civil Action No. 91-3560, 1994 U.S. Dist. LEXIS 3978 at *11 (E.D. Pa. Mar. 31, 1994) (finding that, at the pre-trial stage, defendant's allegation of "considerable time and money on extensive discovery and on its summary judgment motion" did not mean that defendant "incur[red] any expenses in preparation for trial.").

Here, the parties are still in discovery, and there is no indication that any opt-in plaintiff has been uncooperative with respect to discovery. *See Scott*, 2015 U.S. Dist. LEXIS 175727, at *231-32 (finding that withdrawal with prejudice was appropriate for "the unresponsive plaintiffs, who increased both parties' costs by refusing to answer discovery requests and leaving the attorneys to pursue them"). During the pendency of this case, the parties' efforts have been directed "at obtaining written discovery, which may be re-used, not at defending the merits of this case." *Wei Mon Indus. Co. v. Chien*, Civil Action No. 14-7853 (SRC), 2016 U.S. Dist. LEXIS

146086 at *7 (D.N.J. Oct. 21, 2016). Further, both substantive motions in this case[6] were resolved by the parties' consent. The Court finds that Defendants' effort and expenses are related to pre-trial discovery and not substantive motion practice or preparation for trial. Further, a significant number of opt-in plaintiffs will remain after the withdrawal. *Costanza v. Citizens Fin. Grp., Inc.*, Civil Action No. 10-cv-0320, 2011 U.S. Dist. LEXIS 121568 at * 6-7 (W.D. Pa. Oct. 20, 2011) (Lancaster, C.J.) (finding that "Defendants are not prejudiced by their efforts and expenses in this litigation, because other opt-in plaintiffs remain and the instant suit will continue."). Therefore, this factor of the Rule 41(a)(2) analysis favors the Plaintiff.

### iii. Extent to Which the Current Suit Has Progressed

With respect to the extent to which this case has progressed, Plaintiff's Motion comes prior to the close of both fact and expert discovery, *see* ECF 85, prior to significant contested motion practice (including final certification or decertification) and prior to any trial date being scheduled. *See Partners Coffee Co., LLC v. Oceana Servs. & Prods. Co.*, Civil Action No. 09-cv-236, 2010 U.S. Dist. LEXIS 41695 at *4-5 (W.D. Pa. Apr. 28, 2010) (Standish, J.) (dismissal without prejudice for a suit that "has been pending for over a year," because "discovery is not yet complete" and Defendants were assumed to "not yet [have] begun extensive preparations for trial."); *Zamias v. Fifth Third Bank*, Civil Action No. 17-cv-153, 2018 U.S. Dist. LEXIS 103803 at *7-8 (W.D. Pa. June 21, 2018) (Gibson, J.) (denying a motion to dismiss due to "extensive motion practice," including a motion to remand, motion to dismiss, motion to strike, and motion for judgment on the pleadings); *Schandelmeier v. Otis Div. of Baker-Material Handling Corp.*, 143 F.R.D. 102, 103 (W.D. Pa. 1992) (Smith, J.) (denying plaintiff's motion to dismiss because complaint "has been pending for twenty months and has been scheduled for trial."); *Wei Mon Indus. Co. v. Chien*, Civil

---

[6] The Motion to Conditionally Certify, ECF No. 37, and the Motion to Dismiss Counterclaims under Federal Rules of Civil Procedure 12(b)(6) and 12(b)(1), ECF No. 41.

9

Action No. 14-7853 (SRC), 2016 U.S. Dist. LEXIS 146086 at *7-8 (D.N.J. Oct. 21, 2016) (allowing dismissal without prejudice in an 18-month old action in which "a substantial amount of work" such as "[f]act discovery, including depositions and any supplemental written discovery, ha[d] yet to be completed."). The Court finds that the fact that Plaintiff's motion was filed prior to the close of factual discovery and any motion on final certification weighs in favor of Plaintiff.

### iv. Plaintiff's Diligence in Bringing the Motion to Dismiss and Explanation Thereof

The Court finds that Plaintiff has been diligent in bringing her Motion and that her justification is compelling. Plaintiff alleges that recent depositions,[7] and responses to Defendants' interrogatories from more than 150 opt-in plaintiffs, led her to believe that the alleged wage violations "involve, to a greater degree than initially believed, conduct that occurred at the district and restaurant level," as opposed to at a broader, Harvest-wide level. These alleged violations "include numerous accounts of modifications at the restaurant level" and "wage violations that Plaintiff Duke did not experience." ECF No. 89 at 2. Because the alleged violations are somewhat more localized than initially expected, Plaintiff now seeks to narrow the complaint prior to "any opt-in depositions or supplemental opt-in discovery." ECF No. 94 at 2-3. Defendants contests Plaintiff's diligence and good faith in deciding to narrow the present action through an "eleventh-hour amendment request" and asserts that Plaintiff lacked diligence in "performing any pre-suit investigation or early discovery to confirm that there was a good faith factual basis for her broadly stated collective action claims in the first instance." ECF No. 103 at 1-4.

Defendants' argument regarding Plaintiff's alleged lack of diligence focuses on the number of months elapsed since the First Amended Complaint, ECF No. 90 at 7, but the case Defendants

---

[7] Defendants took the depositions of Alan Shirley and Heather McClain, former district managers of Harvest, on July 26, 2021 and of Plaintiff on July 27, 2021. *See* ECF No. 89-2 ¶15.

cite in support of lack of diligence involved an extreme level of excessive delay and lack of diligence, neither of which is present in this case. *See Barrett v. McDanel*, Civil Action No. 06-cv-994, 2007 U.S. Dist. LEXIS 41972 at *8-15 (W.D. Pa. June 8, 2007) (Ambrose, J.) (finding that counsel for plaintiff "virtually ignored every discovery deadline" *including* orders from the Court) (emphasis added).  Here, Plaintiff notified defendants of the proposed withdrawal shortly after the June 7, 2021 interrogatories were served on opt-in plaintiffs and prior to the deposition of any opt-in plaintiffs. ECF No. 89 at 2, n. 5; ECF No. 89-2 ¶¶ 5-6;  ECF No. 94 at 2; *see Scott v. Chipotle Mexican Grill, Inc.*, 2015 U.S. Dist. LEXIS 175727 at *234-35 (S.D.N.Y. July 31, 2015) (finding diligence when opt-in plaintiffs sought to withdraw their claims before their depositions were scheduled); *In re Family Dollar FLSA Litig.*, Civil Action No. 3:08MD1932-MU, 2012 U.S. Dist. LEXIS 13751 (W.D.N.C. Feb. 3, 2012) (granting voluntary dismissal without prejudice from a request by an opt-in plaintiff six weeks prior to the discovery cutoff and her scheduled deposition date).

Further, the Court finds that Plaintiff's reason for seeking to  narrow the scope of this action now—because "discovery revealed the extent of region- and restaurant-specific wage violations" and to avoid pursuing an "overbroad" collective action—is compelling.  *See* ECF No. 89 at 5; ECF No. 94 at 3.  Dismissing certain opt-in plaintiffs at this earlier stage of litigation will promote an efficient of use of the parties' and the Court's resources and streamline issues "by resolving common issues arising from the same activity in the same proceeding."  *Fischer v. Fed. Express Corp.*, 509 F. Supp. 3d 275, 282 (E.D. Pa. 2020); *see Medina v. Happy's Pizza Franchise, LLC*, No. 10 C 3148, 2012 U.S. Dist. LEXIS 13346 (N.D. Ill. Feb. 3, 2012)  (allowing the subdivision and transfer of subclasses of opt-in plaintiffs in the interest of efficiency due to the possibility that distinct evidence related to each restaurant and the availability of state-specific claims).

### v. Pendency of a Dispositive Motion by the Nonmoving Party

Despite vague assertions by the Defendants that Plaintiff seeks to "gain a tactical advantage relative to settlement negotiations," ECF No. 90 at 7-8, the fact that Plaintiff's Motion was filed at a time when no dispositive motion is pending weighs in favor of voluntary dismissal. *Compare Zamias v. Fifth Third Bank*, Civil Action No. 17-cv-153, 2018 U.S. Dist. LEXIS 103803 at *6-7 (W.D. Pa. June 21, 2018) (Gibson, J.) *and In re Allstate Ins. Co. Fair Labor Standards Act Litig.*, No. 1541, 2008 U.S. Dist. LEXIS 111338 at *4 (D. Ariz. July 14, 2008) *with Partners Coffee Co., LLC v. Oceana Servs. & Prods. Co.*, Civil Action No. 09-cv-236, 2010 U.S. Dist. LEXIS 41695 at *4 (W.D. Pa. Apr. 28, 2010) (Standish, J.).

Based on the factors above, the Court will grant Plaintiff's Motion and dismiss without prejudice the opt-in plaintiffs who did not work in the restaurants in the Pittsburgh and Harrisburg area.

### b. The Voluntary Dismissal Without Prejudice Is Not Conditional

The Court now turns to Defendants' request that this Court impose conditions including costs and attorney fees, no tolling of the statute of limitations, and "ordering that notice of the dismissals shall be given to all members of the putative class."[8] ECF No. 90 at 8. A District Court has broad discretion in its decision to dismiss the case "on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2); *see also, Carroll v. E One Inc.*, 893 F.3d 139, 146 (3d Cir. 2018); *Ellis v. Merrill Lynch & Co.*, Civil Action Nos. 86-2865, 86-3375, 1989 U.S. Dist. LEXIS 14720, at *14 (E.D. Pa. Dec. 6, 1989).

"[T]he purpose of an award of costs and attorneys fees is to compensate the defendant for having incurred the expenses of litigation without the benefit of a final determination." *Carroll v.*

---

[8] In their briefing, Defendants fail to articulate any reasoning behind the latter two requested conditions and, as such, the Court's analysis will focus on Defendants' request for cost and attorney's fees.

*E-One, Inc.*, No. 15-CV-0562, 2017 U.S. Dist. LEXIS 63721, at *14 (E.D. Pa. Apr. 25, 2017); *Ellis,* 1989 U.S. Dist. LEXIS 14720, at *14 ("The usual conditions attached to a Rule 41(a)(2) dismissal require payment of costs and attorney's fees, or, if nonmonetary, are framed to diminish hardship to the defendant."). In support of their request for costs and fees, Defendants rely heavily on *Hernandez*—indeed, it is the only FLSA case cited by Defendants in their request for cost and fees—but ignore that the *Hernandez* court severely circumscribed its award of cost and fees by allowing *only* costs with respect to the removal proceedings, *not* those for "time expended in answering the complaint and preparing basic discovery disclosures," because such "work would be useful in later [state-court class action] litigation of these issues." *Hernandez v. Chipotle Mexican Grill*, No. 16-CV-571-JPS, 2016 U.S. Dist. LEXIS 166782 at *4-5 (E.D. Wis. Dec. 2, 2016); *see also Ellis*, 1989 U.S. Dist. LEXIS 14720, at *16 (allowing the dismissal without prejudice of state claims for pursuit in the Delaware Chancery Court in a class action and circumscribing costs for "discovery, research and legal arguments *which will not apply to the state claims* in the Delaware suit") (emphasis added). Here, the discovery conducted to date by Defendants will likely be useful in any hypothetical future suit by the dismissed opt-in plaintiffs. Accordingly, the Court finds that an award of costs (and of attorney's fees) is not warranted.

Therefore, the Court will not attach conditions to the dismissal without prejudice of the opt-in plaintiffs who did not work in the restaurants in the Pittsburgh and Harrisburg area.

### c. Good Cause Exists to Amend the Complaint to Narrow the Scope of Claims

Finally, the Court turns to Plaintiff's request to file a Second Amended Complaint to conform the pleadings to the Court's ruling on dismissal of opt-in Plaintiffs who did not work in the restaurants in the Pittsburgh and Harrisburg area. ECF No. 88-1. Prior to its analysis under Rule 15(a) to amend a complaint, the Court must address whether Plaintiff has shown good cause under Rule 16(b)(4)—that is, whether Plaintiff has shown diligence. Defendants argue not only

13

that Plaintiff has lacked diligence by its failure to: (1) conduct any investigation to confirm that there was a good faith factual basis to broaden the scope of pleadings in the first place; (2) interview opt-ins plaintiffs in the locations outside of Pennsylvania; and (3) take management depositions to confirm the existence of common claims. ECF No. 103 at 2. Defendants also claim that the inconsistencies between certain depositions from Plaintiff's witnesses as compared to their declarations show that the declarations were "greatly exaggerated, if not false." ECF No. 103 at 4. Plaintiff argues that after receiving a critical mass of opt-in interrogatory responses, she raised this issue with defendants. ECF No. 94 at 3.

The Court finds that Plaintiff has acted with reasonable diligence and therefore satisfies Rule 16(b)(4)'s good cause requirement. First, Plaintiff seeks leave to amend her complaint while discovery is still ongoing, which is indicative of diligence.[9] *DLJ Mortg. Capital, Inc. v. Sheridan*, 975 F.3d 358, 370 (3d Cir. 2020) (noting a failure to exercise diligence soon after discovery was complete); *see also, Halle v. W. Penn Allegheny Health Sys.*, 842 F.3d 215, 224-25 (3d Cir. 2016) (noting that "some courts permit the [scope of the collective action] to be revisited after discovery or efforts by the named plaintiff to re-define the contours of the proposed collective action.") (internal citations omitted). Fact discovery is not scheduled to close until October 29, 2021, ECF No. 85, and the parties were engaged in information sharing on topics such as managers' depositions, original time records, timekeeping and payroll practice even after July 21, 2021—the date that the Parties first sought to meet and confer on narrowing the scope of the claims. ECF No. 89-2, ¶¶10-15. Thus, Plaintiff has acted with reasonable diligence.

Defendants' arguments regarding Plaintiff's alleged lack of diligence and good faith investigation prior to broadening the scope of the action through her first amended pleading are

---

[9] Parties recount their discovery efforts at ECF No. 89-2 and ECF No. 90 at 2-3.

14

also uncompelling.  Defendants characterize the declarations of certain witnesses as "greatly exaggerated, if not false" as compared to their depositions.  However, the declarations by former managers that Defendants "insisted on all the restaurants doing things the same way," ECF No. 38-3 ¶ 19, including "same time-keeping policies, pay policies, standards of cleanliness, same personnel policies," s*ee* ECF No. 38-4 ¶¶ 11-12, are not necessarily inconsistent with the Defendants' limited excerpts of depositions, which concentrate on the managers' knowledge regarding individual employees at certain locations.  *See* ECF No. 90-3 at 28:2-17, 30:17-20 (acknowledging no firsthand knowledge of pay and time practice issues in a Maryland or New Jersey, but firsthand knowledge in Virginia of Defendants "editing everyone's time to include a 30-minute break regardless.");  *see also* ECF No. 90-2 at 51:4-11, 52:15-24, 64:4-65:7 (noting the receipt of at least a dozen complaints about pay issues in Maryland and reviewing employee time records in Virginia, while acknowledging the inability to identify any specific employee in Pennsylvania, Maryland, New Jersey, and Virginia who the manager believed was underpaid).  "Overarching policies and procedures" used at "many, and perhaps all, [] restaurants" may be "common evidence" of violations, even when distinct evidence that "relates to different [] restaurants" exists.  *See Medina v. Happy's Pizza Franchise, LLC*, No. 10 C 3148, 2012 U.S. Dist. LEXIS 13346 at *10 n.1 (N.D. Ill. Feb. 3, 2012).  As such, the Court does not agree with Defendants that Plaintiff failed to exercise diligence "in performing any pre-suit investigation or early discovery to confirm that there was a good faith factual basis" to expand the scope of this action in the first instance.[10]  *See* ECF No. 100 at 1.

---

[10] The Court notes that the interrogatory responses from opt-in plaintiffs outside of Pennsylvania suggest an array of wage- and timekeeping- related issues, which also undercut Defendants' argument that there was no good faith basis to expand the scope of the this action in the first instance.  *See generally* ECF Nos. 94-2 to 94-17.

With respect to the more liberal standard to amend the complaint under Rule 15(a), the Court finds that Plaintiff has not acted with undue delay, bad faith or dilatory motives, as detailed above. *See supra* Section III.C. Further, an amendment to narrow the scope of the ongoing litigation would not be futile. Finally, not only has the Court discussed the potential prejudice to the defendants above in the context of Rule 41(a)(2),[11] the amendment, which seeks to *narrow* the complaint, would not give rise to *additional* "discovery, cost, and preparation to defend against new facts or new theories." *See Graham v. Progressive Direct Ins. Co.*, 271 F.R.D. 112, 122 (W.D. Pa. 2010) (Fischer, J.).

### IV.   Conclusion

For the foregoing reasons, Plaintiff's Motion for Leave to Narrow the Complaint and Dismiss Certain Opt-Ins Without Prejudice is hereby GRANTED.

DATED this 17th day of September 2021.

BY THE COURT:

/s/ Christy Criswell Wiegand
CHRISTY CRISWELL WIEGAND
United States District Judge

cc (via ECF email notification):

All Counsel of Record

---

[11] Defendants arguably find themselves in a better place by narrowing the scope of the opt-in plaintiffs now, as they will not have to incur additional discovery-related costs between now and any potential motion for decertification of the collective.