# EXHIBIT 1

## CLASS ACTION SETTLEMENT AGREEMENT

**AND NOW** come Plaintiffs and Defendants, through their respective counsel, and hereby enter into this Agreement concerning the amicable resolution of the Civil Actions between the Named Plaintiffs (on behalf of themselves and similarly situated employees) and Harvest Hospitalities, Inc., and Sattar Shaik, subject to approval by the Court.

## 1.    DEFINITIONS

The terms set forth below shall have the meanings defined herein wherever used in this Agreement (including its exhibits).

1.1     "Agreement" means this written settlement agreement, which sets forth the terms of the settlement and final amicable resolution of the Civil Actions between Named Plaintiffs (on behalf of themselves and similarly situated employees) and Harvest Hospitalities, Inc., and Sattar Shaik.

1.2     "Authorized Claimant" shall mean any Rule 23 Class Member who is entitled to a Settlement Payment, either because he or she timely submits the required Claim Form, as described herein, or because he or she is a Named Plaintiff or an Opt-In Plaintiff.

1.3     "Civil Actions" means the following civil actions:

*Taylor Duke v. Harvest Hospitalities, Inc., et al.*, No. 2:20-cv-865-CCW (W.D. Pa.)

*Claudio Morales, et al. v. Harvest Hospitalities, Inc., et al.*, No. 1:21-cv-2482-JKB (D. Md.)

*Alexis Wilson, et al.* v. *Harvest Hospitalities, Inc., et al.*, No. 2:21-cv-4274-TJS (E.D. Pa.)

*Nicole Royal, et al. v. Harvest Hospitalities, Inc., et al.*, No. 3:21-cv-17737-AET-LHG (D.N.J.)

1.4     "Claim Form" refers to a written form to be mailed, emailed, and provided by text message link to all Rule 23 Class Members which must be completed and returned to the

Settlement Administrator pursuant to the terms below in order to receive payment. A copy of the Claim Form is attached as Exhibit A. The email version of the Claim Form is attached as Exhibit B. The text message version of the Claim Form is attached as Exhibit C.

1.5     "Court" means the United States District Court for the Western District of Pennsylvania (Judge Christy Criswell Wiegand, presiding).

1.6     "Named Plaintiffs" means, collectively, Plaintiffs Taylor Duke, Claudio Morales, Jamie Sutton, Jasmine Cooley, Jessica Jordan, Megan Boyer, Megan Desmond, Sofia Molina, Gavin Stephens, Helen Thurber, Teanna Squires, David Clarke, Nola Kammer, Kyle Kammer, Dorcas Cantrell, Nicole Royal, Benjamin Reeve, Jennifer Rodriguez-Lopez, Juan Sanchez, York Alvarado, Gabrielle Lavalle, Alexis Wilson, Kaitlin Shoemaker, Gabrielle Marie Hauze, and Gilbert Valentin.

1.7     "Opt-in Plaintiff" means any individual who, pursuant to 29 U.S.C. § 216(b), filed a written consent in in one of the Civil Actions, asking to participate in the Named Plaintiffs' claims under the FLSA as a party plaintiff prior to the date of this Agreement, and who was not thereafter dismissed from such Civil Action without prejudice, and who is a Rule 23 Class Member.

1.8     "Class Representatives" means Plaintiffs Taylor Duke, Claudio Morales, Jamie Sutton, Jasmine Cooley, Jessica Jordan, Megan Boyer, Megan Desmond, Sofia Molina, Gavin Stephens, Helen Thurber, Teanna Squires, David Clarke, Nola Kammer, Kyle Kammer, Dorcas Cantrell, Nicole Royal, Benjamin Reeve, Jennifer Rodriguez-Lopez, Juan Sanchez, York Alvarado, Gabrielle Lavalle, Alexis Wilson, Kaitlin Shoemaker, Gabrielle Marie Hauze, and Gilbert Valentin.

"Deponents" means Plaintiffs Daryl Beck, Alexis Carbaugh, Chelsea Pauline Weber,

Dillon Morris, Gerelle Porter, Heather Priggins, Joseph Graper, Michael David Dutton, and Quincy Morgan Rush.

1.9    "Pennsylvania Rule 23 Class Members" means those individuals who, at any time during the period between June 12, 2017, and January 17, 2021, were employed by Defendants as hourly employees in the Commonwealth of Pennsylvania. The Parties have agreed upon a list of all Pennsylvania Rule 23 Class Members, which is attached to this Agreement as Schedule A. However, if any other individual, prior to the date of the Final Approval Order, establishes to the satisfaction of the Settlement Administrator that he or she qualifies as a Pennsylvania Rule 23 Class Member pursuant to the first sentence of this section, then that individual shall also be deemed to be a Pennsylvania Rule 23 Class Member and entitled to a pro-rata share of the Pennsylvania Rule 23 Settlement Amount based on the number of weeks worked for Defendants during the period between June 12, 2017, and January 17, 2021, within the Commonwealth of Pennsylvania as an hourly employee, which amount will require a corresponding adjustment to the allocation of the Pennsylvania Rule 23 Settlement Amount among the Pennsylvania Rule 23 Class Members. For purposes of this Agreement only, the Parties do not contest the eligibility of the Pennsylvania Rule 23 Class Members (including those identified in Schedule A and those who may be identified by the Settlement Administrator in accordance with the foregoing sentence) to participate in the amicable resolution of the Civil Actions in accordance with the terms of this Agreement.

1.10    "New Jersey Rule 23 Class Members" means those individuals who, at any time during the period between September 28, 2015, and January 17, 2021, were employed by Defendants as hourly employees in the State of New Jersey. The Parties have agreed upon a list of all New Jersey Rule 23 Class Members, which is attached to this Agreement as Schedule B.

DocuSign Envelope ID: 855CA734-850E-4BBE-9C5D-44A116A507BC

However, if any other individual, prior to the date of the Final Approval Order, establishes to the satisfaction of the Settlement Administrator that he or she qualifies as a New Jersey Rule 23 Class Member pursuant to the first sentence of this section, then that individual shall also be deemed to be a New Jersey Rule 23 Class Member and entitled to a pro-rata share of the New Jersey Rule 23 Settlement Amount based on the number of weeks worked for Defendants during the period between September 28, 2015, and January 17, 2021, within the State of New Jersey as an hourly employee, which amount will require a corresponding adjustment to the allocation of the New Jersey Rule 23 Settlement Amount among the New Jersey Rule 23 Class Members. For purposes of this Agreement only, the Parties do not contest the eligibility of the New Jersey Rule 23 Class Members (including those identified in Schedule B and those who may be identified by the Settlement Administrator in accordance with the foregoing sentence) to participate in the amicable resolution of the Civil Actions in accordance with the terms of this Agreement.

**1.11** "Maryland Rule 23 Class Members" means those individuals who, at any time during the period between September 28, 2018, and January 17, 2021, were employed by Defendants as hourly employees in the State of Maryland. The Parties have agreed upon a list of all Maryland Rule 23 Class Members, which is attached to this Agreement as Schedule C. However, if any other individual, prior to the date of the Final Approval Order, establishes to the satisfaction of the Settlement Administrator that he or she qualifies as a Maryland Rule 23 Class Member pursuant to the first sentence of this section, then that individual shall also be deemed to be a Maryland Rule 23 Class Member and entitled to a pro-rata share of the Maryland Rule 23 Settlement Amount based on the number of weeks worked for Defendants during the period between September 28, 2018, and January 17, 2021, within the State of Maryland as an hourly employee, which amount will require a corresponding adjustment to the allocation of the Maryland

DocuSign Envelope ID: 855CA734-850E-4BBE-9C5D-44A116A507BC

Rule 23 Settlement Amount among the Maryland Rule 23 Class Members. For purposes of this Agreement only, the Parties do not contest the eligibility of the Maryland Rule 23 Class Members (including those identified in Schedule C and those who may be identified by the Settlement Administrator in accordance with the foregoing sentence) to participate in the amicable resolution of the Civil Actions in accordance with the terms of this Agreement.

**1.12**    "Virginia Rule 23 Class Members" means those individuals who, at any time during the period between September 28, 2018, and January 17, 2021, were employed by Defendants as hourly employees in the Commonwealth of Virginia.  The Parties have agreed upon a list of all Virginia Rule 23 Class Members, which is attached to this Agreement as Schedule D.  However, if any other individual, prior to the date of the Final Approval Order, establishes to the satisfaction of the Settlement Administrator that he or she qualifies as a Virginia Rule 23 Class Member pursuant to the first sentence of this section, then that individual shall also be deemed to be a Virginia Rule 23 Class Member and entitled to a pro-rata share of the Virginia Rule 23 Settlement Amount based on the number of weeks worked for Defendants during the period between September 28, 2018, and January 17, 2021, within the Commonwealth of Virginia as an hourly employee, which amount will require a corresponding adjustment to the allocation of the Virginia Rule 23 Settlement Amount among the Virginia Rule 23 Class Members. For purposes of this Agreement only, the Parties do not contest the eligibility of the Virginia Rule 23 Class Members (including those identified in Schedule D and those who may be identified by the Settlement Administrator in accordance with the foregoing sentence) to participate in the amicable resolution of the Civil Actions in accordance with the terms of this Agreement.

**1.13**    "Rule 23 Class Members" means, collectively, the individuals identified in Sections 1.9 through 1.12.

DocuSign Envelope ID: 855CA734-850E-4BBE-9C5D-44A1161507BC

**1.14** "Settlement Class Members" means Rule 23 Class Members who do not affirmatively request exclusion from the terms of this Agreement pursuant to Paragraph 4.2(c).

**1.15** "Class Counsel" means Joseph H. Chivers of the law firm The Employment Rights Group, LLC (100 First Avenue, Suite 650, Pittsburgh, PA 15222), and Jeffrey W. Chivers and Theodore I. Rostow of Chivers LLP (300 Cadman Plaza West, 12th Floor, Brooklyn, New York, 11201).

**1.16** "Defendants" means Harvest Hospitalities, Inc., and Sattar Shaik.

**1.17** "Defense Counsel" means Lewis Brisbois Bisgaard & Smith LLP.

**1.18** "Parties" means Named Plaintiffs (on behalf of themselves and the Class Members), and Defendants.

**1.19** "Settlement Administrator" means Rust Consulting, Inc.

**1.20** The "Preliminary Approval Order" means the order to be entered by the Court granting preliminary approval to this Agreement following submission to the Court of the Named Plaintiffs' unopposed motion for entry of the Preliminary Approval Order as an Order of Court, certifying the Civil Actions as class actions for settlement purposes only, authorizing notice of the settlement to the Class Members, and setting a date for a hearing to consider final approval of the settlement following notice to the Class Members ("Fairness Hearing"); the Final Hearing shall be no less than 100 days following the date of the Preliminary Approval Order. The proposed Preliminary Approval Order that will be submitted to the Court with Named Plaintiffs' unopposed motion is attached as Exhibit D.

**1.21** The "Final Approval Order" means the order to be entered by the Court: (a) granting final approval to the settlement described in this Agreement (subject to any modification that is either acceptable to the Parties or adopted by the Court in accordance with

DocuSign Envelope ID: 855CA734-850E-4BBE-9C5D-44A116A507BC

Section 4); and (b) dismissing the Civil Actions with prejudice in accordance with the terms of this Agreement. The proposed Final Approval Order that will be submitted to the Court with Named Plaintiffs' unopposed motion is attached as Exhibit E.

1.22    "Effective Date" means the date upon which all of the following have occurred: (a) entry of the Final Approval Order as an Order of Court; (b) issuance of an order dismissing the Civil Actions with prejudice and entering judgment in accordance with the terms of this Agreement (subject to any modification that is either acceptable to the Parties or adopted by the Court in accordance with Section 4); and (c) the expiration of the period for filing an appeal from the Final Approval Order (which shall be deemed to be thirty-one (31) days following entry of the order dismissing the Civil Action with prejudice and entering judgment in accordance with the terms of this Agreement if no timely notice of appeal is filed, or if a timely notice of appeal is filed, shall be deemed to be five (5) days following the expiration of all such appeals and related proceedings without any material alteration of the terms of the Final Approval Order).

1.23    "Released Parties" means: (a) Harvest Hospitalities, Inc., (b) Sattar Shaik, (c) all Harvest Entities named as a Defendants in the Civil Actions, and (d) the predecessors, successors, present and former affiliates, parents, subsidiaries, insurers, officers, directors, agents, members, shareholders, unitholders, general partners, limited partners, owners, beneficiaries, representatives, heirs, attorneys, assigns (including without limitation, any investors, trusts, or other similar or affiliated entities) of, and all persons acting by, through, under, or in concert with, any of the entities identified in subsections (a) through (c) of this section, including any person or entity that was or could have been named as a defendant in the Civil Action.

1.24    "Maximum Gross Settlement Amount" means the maximum amount of money to be paid by Defendant Sattar Shaik in connection with this Agreement. The Maximum Gross

Settlement Amount is NINE HUNDRED AND SIXTY-FIVE THOUSAND DOLLARS AND ZERO CENTS ($965,000.00). The Maximum Gross Settlement Amount is the maximum amount that Defendant Shaik will be required to pay to satisfy his obligation under the Agreement. Under no circumstances shall Defendant Shaik be required to pay more than the Maximum Gross Settlement Amount in connection with the settlement of the Civil Actions. The Maximum Gross Settlement Amount expressly includes the following elements: (i) Settlement Payments to Authorized Claimants; (ii) Enhancement Payments; (iii) Plaintiffs' Attorneys' Fees and Expenses; (iv) Administrative Costs; and (v) Defendants' share of all applicable payroll taxes, and shall be paid and allocated as follows:

> i.    Defendant Shaik shall pay the first FIVE HUNDRED THOUSAND DOLLARS AND ZERO CENTS ($500,000.00) of the Maximum Gross Settlement Amount via wire transfer to an account established by the Settlement Administrator within 14 days following the Court's entry of the Final Approval Order.
>
> ii.    Defendant Shaik shall pay the remaining FOUR HUNDRED AND SIXTY-FIVE THOUSAND DOLLARS AND ZERO CENTS ($465,000.00) of the Maximum Gross Settlement Amount via wire transfer to an account established by the Settlement Administrator on or before June 30, 2024.

**(c)**    The "Settlement Payment Allocation" means the Maximum Gross Settlement Amount ($965,000.00) less the Enhancement Payments, Plaintiffs' Attorneys' Fees and Expenses, and Administrative Costs, which equals $554,235.00, assuming Court approval of the Enhancement Payments, Plaintiffs' Attorneys' Fees and Expenses, and Administrative Costs

DocuSign Envelope ID: 865CA734-869E-4BBF-9CEB-44A16I5079C

agreed upon in this Agreement. The Settlement Payment Allocation shall be paid to and/or on behalf of the Authorized Claimants in exchange for their release of claims asserted in the Civil Actions against the Released Parties, in accordance with this Agreement. The "Individual Settlement Allocation" for each Authorized Claimant shall be calculated in accordance with Section 3.1. The cumulative total of each Individual Settlement Allocation of all Authorized Claimants shall equal the Settlement Payment Allocation.

(i)     Claims Made Procedure: Any Rule 23 Class Member who is not a Named Plaintiff or current Opt-in Plaintiff must return a simple Claim Form, a copy of which is included as Exhibit A, to the Settlement Administrator by one of the methods outlined on the Claim Form within the time period outlined on the Claim Form in order to receive a Settlement Payment. To the extent that any Rule 23 Class Member neither timely submits a Claim Form nor timely opts out of the Settlement, they will be subject to the Release set forth in Section 6.1 below and will not be entitled to receive a pro rata share of the Settlement Payment Allocation. However, notwithstanding the foregoing, any Named Plaintiff and any Opt-in Plaintiff who otherwise qualifies as a Rule 23 Class Member will not be required to submit a Claim Form, as these individuals have already opted into one of the Civil Actions. As such, the Named Plaintiffs and the Opt-in Plaintiffs are automatically entitled to a Settlement Payment. Notwithstanding, the Opt-In Plaintiffs will receive the notice form and are entitled to request to be excluded from the class using the mechanism outlined in Section 4.2(c) of this Agreement. Any Opt-In who is excluded from the class will not release their claims and will not receive a pro rata share of the Settlement Payment Allocation.

(ii)    Claim Form Distribution Procedure: The Claim Form will be distributed to all Rule 23 Class Members via First Class Mail, email, and text message. The Claim

9

Form distributed via First Class Mail shall contain a pre-paid, pre-stamped, or pay-on-use return envelope. To the extent reasonably feasible in coordination with the Settlement Administrator, the Claim Form distributed via email will provide an internet link for Rule 23 Class Members to submit Claim Forms electronically.

   **(d)**  The "Attorneys' Fees and Expenses Payment" means that portion of the Maximum Gross Settlement Amount (up to a cumulative total of no more than $336,000.00, comprising up to $76,000.00 in expenses and up to $260,000.00 in attorneys' fees) to be paid to Class Counsel in accordance with the Final Approval Order, as attorneys' fees, costs and expenses incurred in the Civil Actions. At least fourteen (14) days before the deadline for Class Members to present objections, Class Counsel will seek an award of attorneys' fees and expenses of up to $336,000.00. Defendants will not oppose this request.

   **(e)**  The "Administrative Costs" means that portion of the Maximum Gross Settlement Amount (up to a cumulative total of no more than $44,765.00, unless the Parties agree otherwise, in which case the additional sum shall be paid from the Attorneys' Fees and Expenses Payment) to be paid to the Settlement Administrator for the administrative services it will provide under this Agreement. The Parties agree to cooperate in the settlement administration process and to make all reasonable efforts to control and minimize the costs incurred in the administration of the settlement.

   **(f)**  The "Enhancement Payments" means that portion of the Maximum Gross Settlement Amount (up to a cumulative total of no more than $30,000.00) to be paid to the Class Representatives and the Deponents in recognition of their work in this Action on behalf of the Class. Prior to the submission of the motion seeking entry of the Final Approval Order, Class Counsel may seek an award of Enhancement Payments. These payments shall be treated as non-

wage income and shall be in addition to whatever payments these individuals may be eligible to receive as Authorized Claimants. Defendants will not oppose this request. If the Court awards any Named Plaintiff less than the amount proposed herein as an Enhancement Payment, this shall not be a basis for voiding this Agreement; rather, the difference in the amount awarded shall be re-allocated to the Settlement Payment Allocation, thereby increasing each Authorized Claimant's Individual Settlement Allocation on a pro-rata basis.

      **(g)** Defendants' share of payroll taxes shall be paid from the Maximum Gross Settlement Amount. The Settlement Administrator shall make appropriate withholdings for all lawfully required employer payroll taxes and other withholdings owed by Defendants. The Notice sent to Rule 23 Class Members will state each individual Rule 23 Class Member's potential settlement award net of the employer's share of taxes.

## 2.   RECITALS

    **2.1** In the operative complaints in the Civil Actions, the Named Plaintiffs assert claims under the FLSA, Pennsylvania law, New Jersey law, Maryland law, and Virginia law, on behalf of themselves and the Class Members. Named Plaintiffs assert that Defendants did not pay them and the Class Members for all hours worked (including overtime hours and non-overtime hours) and engaged in other violations of federal and state law. On behalf of themselves and the Class Members, Named Plaintiffs sought compensation for alleged unpaid wages (including overtime wages and non-overtime wages), as well as other relief under the FLSA and state law, including liquidated damages, penalties, interest, litigation costs and expenses, and attorneys' fees.

    **2.2** Defendants deny the allegations in the Civil Actions and state that they did not violate the law and that they have no liability for the claims asserted in the Civil Actions. Defendants assert that they properly compensated Named Plaintiffs and the Class Members for all

hours worked. Nonetheless, Defendants agreed to the terms of this Agreement because it will: (1) avoid the further expenses and disruption of business due to the pendency and expense of litigation; and (2) put the claims asserted in the Civil Actions to rest.

    **2.3**    The Parties have agreed to enter into this Agreement in order to put to rest all controversy with the Civil Actions, the conditional and final certification of an FLSA class, a putative class action pursuant to Fed.R.Civ.P. 23 for claims under the applicable State wage/hour law, and to avoid further expense and burdensome, protracted and costly litigation without in any way acknowledging any fault or liability. This Agreement is a compromise and shall not be construed as an admission by Parties or the Released Parties of liability at any time or for any purpose. It is agreed by the Parties that neither the execution of this Agreement, nor fulfilling any of its provisions, constitutes an admission by the Parties or any of the other Released Parties, as defined above, that they committed any unlawful or wrongful act or conduct, or owe any damages or other amounts of any sort, including for Defendants taking any such act or engaging in any conduct, against the Rule 23 Class Members, Named Plaintiffs or Opt-In Plaintiffs, or that Defendants owe any damages/amounts to Rule 23 Class Members, Named Plaintiffs or Opt-In Plaintiffs, including, but without limitation, with respect to any FLSA or state wage/hour or wage payment claims, or for any violation of any other Federal, state or local law, including any fair employment practices or other employment-related law, and the Parties specifically deny having engaged in any unlawful or wrongful conduct or owing any damages/amounts to any other Party. Further, this Agreement shall not in any way be construed as an admission by the Parties or any or all of the other Released Parties, that they have acted wrongfully with respect to any other party and all of the Released Parties specifically disclaim to one another. Finally, the Parties further agree that this Agreement does not constitute a determination or admission that any group of

similarly situated employees exist to maintain a collective action under the FLSA or a class action under Rule 23 of the Federal Rules of Civil Procedure, if contested by Defendants. Neither this Agreement nor anything in it, nor any part of the negotiations that occurred in connection with the creation of this Agreement shall constitute evidence with respect to any issue or dispute in any lawsuit, legal proceeding, or administrative proceeding, except for legal proceedings concerning the enforcement or interpretation of this Agreement.

      2.4     During the pendency of the Civil Actions, the Parties engaged in extensive discovery regarding the claims of the Named Plaintiffs and the Class Members.

      2.5     The Parties engaged in a formal, arm's length judicial settlement conference conducted by District Judge W. Scott Hardy on April 7, 2022.

      2.6     Named Plaintiffs desire—for themselves and for the Class Members—to fully, finally, and forever settle, compromise, and discharge all disputes for any cause of action, claims, debts, contracts, agreements, obligations, liabilities, suits, losses, or demands whatsoever for unpaid regular and overtime wages, penalties, liquidated damages, costs, attorneys' fees, and any other relief they may have against the Released Parties based on the facts alleged in the operative complaints under the FLSA, the laws of the states of Pennsylvania, New Jersey, Maryland, and Virginia, as well as any similar state or local law governing the payment of regular or overtime wages, as well as any other claims they may have against the Released Parties based on the facts alleged in the operative complaints in the Civil Actions.

      2.7     It is the intention of the Parties that this Agreement shall constitute a full and complete settlement and release by Named Plaintiffs and all Settlement Class Members of all Released Claims as defined herein against all Released Parties.

      **2.8**     In exchange for (a) the dismissal of the Civil Actions with prejudice; (b) the entry of the Final Approval Order; (c) the settlement and release of all Released Claims as defined in this Agreement; and (d) the other terms and conditions of this Agreement, Defendant Shaik has agreed to pay up to an amount not to exceed the Maximum Gross Settlement Amount.

      **2.9**     The Parties shall cooperate in the formal steps necessary to carry out the terms set forth in this Agreement, which is subject to approval by the Court.

## 3.    CALCULATION OF THE INDIVIDUAL SETTLEMENT ALLOCATION

      **3.1**     "Individual Settlement Allocation" means the portion of the Settlement Payment Allocation distributable to each Authorized Claimant. Each Authorized Claimant's Individual Settlement Allocation shall be calculated by Class Counsel *pro rata* from the Settlement Payment Allocation based on the total number of weeks worked by the Authorized Claimant per the time records produced in the litigation by Defendants and/or Delaget, LLC, with a *pro rata* enhancement of 10% for Authorized Claimants who have opted into a Civil Action under the FLSA collective action. The Parties agree that the allocation is fair, just, reasonable and adequate to, and in the best interest of, the Authorized Claimants.

## 4.    APPROVAL AND NOTICE PROCEDURES

      **4.1**     The Parties shall seek Court approval of this Agreement as follows:

      **a)**     No later than fourteen (14) days following the date on which this Agreement is executed by all Parties, Named Plaintiffs and the Defendants in the *Wilson*, *Royal*, and *Morales* actions will file in those respective courts a joint motion to transfer those actions for settlement in the United States District Court for the Western District of Pennsylvania.

      **b)**     No later than fourteen (14) days following the transfer of the *Wilson*, *Royal*, and *Morales* actions to the United States District Court for the Western District of Pennsylvania,

Plaintiffs will file an unopposed motion for entry of the Preliminary Approval Order as an Order of Court. The motion shall be prepared by Class Counsel and subject to the prior review and approval of Defense Counsel.

      **c)**    Defendant shall ensure compliance with the notice provisions of the Class Action Fairness Act of 2005.

      **d)**    In the event the *Wilson*, *Royal*, and *Morales* actions are not all transferred to the United States District Court for the Western District of Pennsylvania within forty-five (45) days after this Agreement is executed by all Parties, the Parties, through counsel, will cooperate in good faith to determine and carry out an alternative procedure for implementing the substance of this Agreement, including for example, if necessary, splitting this Agreement into multiple agreements for submission to multiple courts for class-action settlement approval.

    **4.2**    <u>**Notice Procedure for Class Members**</u>

      **a)**    Not later than fourteen (14) days after the date of the Preliminary Approval Order, Defendants will provide the Settlement Administrator with a spreadsheet listing the names, last known addresses, and last known e-mail addresses (to the extent reasonably accessible) of the Rule 23 Class Members.  Within that same time period, Class Counsel will provide the Settlement Administrator with the names, last known addresses, and last known e-mail addresses for the Named and Opt-in Plaintiffs.

      **b)**    Within fourteen (14) days after receiving the foregoing information from Defendants and Class Counsel (or as soon thereafter as practicable), the Settlement Administrator shall distribute the Notice of Proposed Settlement of Class Action Lawsuit and Fairness Hearing ("Notice") in the form attached as Exhibit F and the Claim Form via U.S. First Class Mail, e-mail, and text message.  For the First Class mailing, the Settlement Administrator shall use the

individuals' last known address (except that the Settlement Administrator shall perform a national change of address database review prior to mailing). If a Notice and Claim Form is returned to the Settlement Administrator with a forwarding address, the Notice and Claim Form shall be re-mailed by the Settlement Administrator within three (3) business days following receipt of the returned mail to the address indicated. If a Notice and Claim Form is returned to the Settlement Administrator without a forwarding address, the Settlement Administrator shall undertake reasonable efforts (such as skip traces) to search for the correct address, and shall promptly re-mail the Settlement Notice and Claim Form to any newly found address(es). For the e-mail distribution, the Settlement Administrator will send an email in the form attached as Exhibit B. For the text message distribution, the Settlement Administrator will send a text message in the form attached as Exhibit C. To the extent reasonably feasible, the e-mail and text message distributions will contain an internet link that enables the individual to submit their Claim Form electronically. The Settlement Notice will inform the Class Members that any Class Member who is not a Named Plaintiff or an Opt-in Plaintiff must return a Claim Form to receive a Settlement Payment. Class Members shall have sixty (60) days to return a Claim Form, as determined by the post date (in the case of regular mail) or the submission date (in the case of electronic submissions).

c)     Any Class Member who does not wish to become a Settlement Class Member may request exclusion from the class by submitting a signed request for exclusion to the Settlement Administrator. To be effective, such request for exclusion must include the individual's name and an unequivocal statement that the individual requests to be excluded from the class, and it must be received by the Settlement Administrator within sixty (60) days following the date of the initial mailing of the Rule 23 Notice Packet (this 60-day period shall be known as the "Opt-Out Period"). The Settlement Administrator shall deliver copies of each request for exclusion to

Class Counsel and Defense Counsel not later than five (5) business days after receipt thereof. Class Counsel shall, within ten (10) business days of the end of the Opt-Out Period, file with the Court copies of all requests for exclusion so received.

  **d)**  If a Class Member requests exclusion from the class within the time period set forth in Section 4.2(c) but the request is in some way deficient, the Settlement Administrator may contact the Class Member who returned the deficient request to notify that individual of the deficiency and give him/her a chance to correct the deficiency, provided that the correction is postmarked within the Opt-Out Period or within 10 days of the date of mailing the cure notice, whichever is later.

  **e)**  Any Class Members who wish to present objections to the proposed settlement at the Fairness Hearing must do so first in writing. To be considered, such statements must be sent to the Settlement Administrator via U.S. First Class Mail, and be received by the Settlement Administrator by a date certain, to be specified on the Notice, which shall be for each Class Member sixty (60) days after the initial mailing of the Settlement Administrator of the Notice. The Settlement Administrator shall stamp the date received on the original and send copies of each objection to Defense Counsel and Class Counsel not later than three (3) business days after receipt thereof. Class Counsel shall file the date-stamped originals of any and all objections with the Court within three (3) business days after receipt from the Settlement Administrator. An objector who timely submits a written objection may appear at the Fairness Hearing either in person or through counsel hired by the objector. An objector who wishes to appear at the Fairness Hearing must state his or her intention to do so at the time he or she submits his or her written objections. An objector may withdraw his or her objections at any time. No Class Member may appear at the Fairness Hearing unless he or she has filed a timely objection that complies with the

DocuSign Envelope ID: 865CA734-869E-4BBF-9CEB-44A11615070C

procedures provided herein. Any Class Member who requests exclusion from the class may not submit objections to the settlement. The Parties may file with the Court written responses to any filed objections no later than fourteen (14) calendar days before the Fairness Hearing.

### 4.3    **Final Settlement Approval Procedures.**

     **a)**     Named Plaintiffs will file with the Court, in accordance with the schedule to be established in the Preliminary Approval Order, and not later than fourteen (14) calendar days before the Fairness Hearing, an unopposed motion for entry of the Final Approval Order as an Order of Court. The motion shall be prepared by Class Counsel and subject to the prior review and approval of Defense Counsel. The date of the Fairness Hearing will be set by the Court.

     **b)**     At least fourteen (14) days before the deadline for Class Members to present objections, Named Plaintiffs will also file with the Court their motion for: (1) an Attorneys' Fees and Expenses Payment; and (2) Enhancement Payments to the Named Plaintiffs. Defendants will not oppose this motion.

     **c)**     At the Fairness Hearing, the Parties shall request that the Court issue a Final Approval Order in all material respects identical to Exhibit E.

## 5.    **PAYMENT OBLIGATIONS**

     **5.1**     No later than seven (7) days following the Effective Date, the Settlement Administrator shall provide a report to Class Counsel and Defense Counsel stating the total amount of funds (not exceeding the Maximum Gross Settlement Amount) required to satisfy all payment obligations pursuant to this Agreement, as well as the allocation of those funds.

     **5.2**     Within fourteen (14) days of the date the report is provided by the Settlement Administrator (provided the Settlement Administrator has provided Defense Counsel with wire instructions and any other information required to facilitate the transfer), Defendant Shaik shall

DocuSign Envelope ID: 865CA734-869E-4BBE-9CEB-44A16I5070C

remit to the Settlement Administrator the total amount needed to satisfy his obligations under this Agreement, to be held in escrow for the purpose of making payments in accordance with the Agreement and the Final Approval Order.

**5.3** Within seven (7) days after the Settlement Administrator receives the payment from Defendant Shaik, the Settlement Administrator shall make the payments in accordance with the Agreement and the Final Approval Order. Class Members who exclude themselves by submitting request for exclusion during the Opt-Out Period will not be entitled to payment of their Individual Settlement Allocations [--TEXT INTENTIONALLY REMOVED TO FIX SCRIVENER'S ERROR --] and they shall not be subject to the release set forth in Section 6 of this Agreement.

**a)** For Authorized Claimants: their adjusted allocations shall be allocated 50% to wages (which shall be subject to required withholdings and deductions and reported as wage income) and 50% to penalties, liquidated damages, interest and other non-wage recovery (which shall not be subject to withholdings or deductions and shall be reported as non-wage other income in Box 3 of a Form 1099-MISC). The Settlement Administrator will make the payments to Authorized Claimants by check delivered via U.S. First Class Mail. The front of each check shall include the following statement: "SIGNED ENDORSEMENT BY NAMED PAYEE IS REQUIRED." The back of each check shall include the following statement above the endorsement: "By endorsing this check, I confirm I am a class member in [insert lawsuit] and consent to be bound by the settlement agreement and release in that matter."

**b)** The Settlement Administrator will make the Attorneys' Fees and Expenses Payment to Class Counsel by wire transfer or by check delivered to Class Counsel; in advance of such payment, Class Counsel will provide the Settlement Administrator with the tax-payer

identification numbers for Class Counsel, executed W-9 forms, and wire transfer or delivery instructions.

5.4     Within seven (7) days after the Settlement Administrator receives the payment from Defendants, the Settlement Administrator shall make the Enhancement Payments to Named Plaintiffs (in the amount directed by the Court to each individual Named Plaintiff). Any such Enhancement Payments awarded shall be in addition to payments that the recipients are entitled to as Authorized Claimants. Any such Enhancement Payments awarded by the Court shall be distributed by the Claims Administrator in separate checks mailed contemporaneously with the mailing of checks to Authorized Claimants and shall be reported to state and federal taxing authorities as non-wage income.

5.5     Other than the withholding and reporting requirements herein, Authorized Claimants shall be solely responsible for the reporting and payment of their share of any federal, state and/or local income or other taxes on payments received pursuant to this Agreement. The employee portion of all applicable income and payroll taxes will be the responsibility of the individual Authorized Claimant, who agrees to indemnify Released Parties, Class Counsel, and Defense Counsel for any tax liability, including penalties and interest, arising out of or relating to their failure to pay taxes on any amounts paid pursuant to this Agreement. The Settlement Administrator shall be responsible for calculating and remitting to the tax authorities all employee withholding amounts, including if any the employee's share of FICA, FUTA, and SUTA/SUI.

5.6     Except as otherwise provided herein, the Parties, Named Plaintiffs, and the Class Members shall bear responsibility for their own fees, costs, and expenses incurred by them or arising out of the Civil Actions and will not seek reimbursement thereof from any of the Parties or Released Parties.

5.7     Authorized Claimants will have one hundred eighty (180) days from the date the checks are issued to negotiate them. One hundred twenty (120) days from the date of mailing of the checks, the Settlement Administrator will provide Class Counsel with a report reflecting which individuals have not yet negotiated their checks. Class Counsel will be free to contact any such individuals to encourage them to promptly negotiate their checks. After one hundred eighty (180) days, the Settlement Administrator shall stop payments on any checks issued to Authorized Claimants that have not been negotiated. Funds associated with checks that are not negotiated by the expiration date will revert to Defendant Shaik and will be the sole and exclusive property of Defendant Shaik, and the Settlement Administrator will issue any corrected tax reporting as needed. Authorized Claimants shall be bound by the terms of this Agreement even if they fail to timely negotiate their checks.

5.8     Released Parties, Class Counsel, and Defense Counsel will not be liable for checks cashed by persons other than the Authorized Claimants. Each such individual will be deemed to have released the Released Parties from all liability as set forth in this Agreement even if his or her check is cashed by a person other than to whom the check is written.

5.9     Payments made under this Agreement are not intended to and will not: (1) form the basis for additional contributions to, benefits under, or any other monetary entitlements under; (2) count as earnings or compensation with respect to; or (3) be considered to apply to, or be applied for purposes of, any bonus, pension, any 401(k) and/or other retirement plans or similar programs of any of the Released Parties.

5.10     For the avoidance of doubt, the timing and distribution of payments remitted by Defendant Shaik to satisfy his obligations under this Agreement shall be as follows:

     **a)**     Within fourteen (14) days of the date the report is provided by the Settlement Administrator (provided the Settlement Administrator has provided Defense Counsel with wire instructions and any other information required to facilitate the transfer), Defendant Shaik shall remit to the Settlement Administrator FIVE HUNDRED THOUSAND DOLLARS ($500,000), which shall be distributed by the Settlement Administrator pursuant to the foregoing provisions and in the amounts as follows:

        i.     To Authorized Claimants, $277,117.50, distributed ratably to each Authorized Claimant based on Individual Settlement Allocation;

        ii.     To Class Counsel: $185,500.00, comprising 55,500.00 in costs and 130,000.00 in fees;

        iii.     To the Settlement Administrator: $22,382.50;

        iv.     To Class Representatives and Deponents: $15,000.00, distributed ratably based on 50% of each individual's Enhancement Award;

     **b)**     No later than June 30, 2024, Defendant Shaik shall remit to the Settlement Administrator FOUR HUNDRED SIXTY-FIVE THOUSAND DOLLARS ($465,000.00), which shall be distributed by the Settlement Administrator pursuant to the foregoing provisions and in the amounts as follows:

        i.     To Authorized Claimants, $277,117.50, distributed ratably to each Authorized Claimant based on Individual Settlement Allocation;

        ii.     To Class Counsel: $150,500.00, comprising 20,500.00 in costs and 130,000.00 in fees;

        iii.     To the Settlement Administrator: $22,382.50;

iv.    To Class Representatives and Deponents: $15,000.00, distributed ratably based on 50% of each individual's Enhancement Award;

6.    **RELEASE**

6.1    By operation of this Agreement, the Final Approval Order, and except as to such rights or claims as may be created by this Agreement or those nonwaivable by law, Named Plaintiffs and the Settlement Class Members shall hereby irrevocably and unconditionally forever and fully release and covenant not to sue or otherwise pursue claims against Defendants and all Released Parties from any and all claims, demands, and causes of action of any kind that arose at any time through and including January 17, 2021, and that: (a) were asserted in the Civil Actions; (b) relate to the alleged failure to pay for all hours worked; (c) could have been asserted in the Civil Actions based on the facts alleged therein; (d) arise under any federal, state or local law governing the payment of (or derived from the alleged failure to pay) regular or overtime wages; and/or (e) are derived from any of the foregoing, including claims for penalties, liquidated damages, interest, attorneys' fees, costs, or expenses (collectively, the "Released Claims").

6.2    By operation of this Agreement and the Approval Order, and except as to such rights or claims as may be created by this Agreement or those nonwaivable by law, in exchange for their respective Enhancement Payments, the Class Representatives and Deponents hereby irrevocably and unconditionally forever and fully release and covenant not to sue or otherwise pursue claims against Defendants and all Released Parties from any and all charges, complaints, claims, liabilities, causes of action, damages and expenses (including attorneys' fees, costs actually incurred, and liquidated damages), of any kind, whether known or unknown, which they now have, may have or claim to have, or which they at any prior time had or claimed to have against Defendant or any of the Released Parties, arising out of any matter occurring or accruing on or

before the date he or she signs this Agreement ("General Release"). This General Release includes, but is not limited to, any claims arising from their employment and/or contractual relationship, or the termination of their employment and/or contractual relationship, with Defendants and/or any of the Released Parties.

6.3     Notwithstanding the foregoing provisions of Sections 6.1 and 6.2, Named Plaintiffs and the Settlement Class Members do not release or waive: (i) claims arising under the Age Discrimination in Employment Act; (ii) any claim that they could make for unemployment compensation or workers' compensation benefits; (iii) any rights or claims that cannot be released as a matter of law pursuant to this Agreement and/or the Approval Order; (iv) their right to file an administrative charge with the National Labor Relations Board, Equal Employment Opportunity Commission or similar state agency (although they do waive their right to receive any monetary damages or other relief not explicitly provided for herein as a result of any such charge, to the extent the charge pertains to a claim that was released); and/or (v) any rights or claims that may arise after January 17, 2021.

6.4     Named Plaintiffs represent and warrant that they have not assigned or transferred, or purported to assign or transfer, to any person or entity, any of the Released Claims or any portion thereof or interest therein, including but not limited to, any interest in the Civil Actions, or any related action.

6.5     Named Plaintiffs affirm that they have not filed any other currently pending charges, complaints, lawsuits claims or actions to pursue any released claims against Defendants or any of the Released Parties, except as expressly disclosed in this Agreement. In the event there is outstanding any such charge, complaint, lawsuit, claim or action, Named Plaintiffs agree to

execute such papers or documents as Defense Counsel determines may be necessary to have it withdrawn and dismissed with prejudice.

**6.6**    Except to the limited extent necessary to secure entry of the Approval Order as an Order of Court, Named Plaintiffs agree not to disclose the terms of this Agreement or anything about the negotiations leading up to this Agreement to anyone except their immediate family members, their attorneys or tax advisors, or anyone to whom they are required by court order to disclose such information. If Named Plaintiffs are asked about the Civil Actions or this Agreement by any person meeting these exceptions, they may state only that the dispute has been resolved and that they are not allowed to comment further on the matter.

## 7.    **PARTIES' AUTHORITY**

**7.1**    All Parties have been represented by counsel throughout all negotiations which preceded the execution of this Agreement and this Agreement is made with the consent and advice of counsel. Class Counsel represent that the terms and conditions of this settlement are fair, reasonable, adequate, beneficial to and in the best interest of Named Plaintiffs and the Settlement Class Members.

**7.2**    All of the Parties acknowledge that they have been represented by competent, experienced counsel throughout all negotiations that preceded the execution of this Agreement, and this Agreement is made with the consent and advice of counsel who have jointly prepared this Agreement.

**7.3**    It is agreed that because the Class Members are so numerous, it is impossible or impractical to have all Settlement Class Members execute this Agreement.

**7.4**    The Agreement will be binding upon and inure to the benefit of the Parties and their respective heirs, trustees, executors, administrators, successors, and assigns.

**7.5**     Class Counsel represents that as of the date they execute this Agreement, they have disclosed to Defense Counsel the names of all individuals they currently represent with respect to claims against Defendants for the payment of wages, including overtime compensation. Class Counsel acknowledge that they currently do not represent any individual, including those with whom they have spoken to about representation but have not yet engaged, who is among the Class Members and who intends to opt out of the class or object to this Agreement.

## 8.     **ADDITIONAL PROVISIONS**

**8.1**     The Parties agree, and the Court by its approval of this Agreement agrees, that the Court shall have continuing jurisdiction to enforce the terms of this Agreement, resolve any disputes arising out of the Agreement, and supervise all payments by Defendant Shaik of all consideration.  Within fifteen (15) days after all payments are made by Defendant Shaik to the Settlement Administrator, the Parties agree to file a Notice of Stipulated Dismissal with the Court, dismissing all claims against the Defendants in the Civil Actions with prejudice.  The Parties further agree to execute and/or have executed by their respective counsel, any such additional documents as may be reasonably necessary to effectuate the dismissal with prejudice of the claims against Defendants in the Civil Actions.

**8.2**     The Parties agree to use their best efforts and to fully cooperate with each other to accomplish the terms of this Agreement in a reasonable, practicable, and expeditious manner, including but not limited to, execution of such documents and to take such other action as may reasonably be necessary to implement and effectuate the terms of this Agreement.

**8.3**     Unless otherwise specifically provided herein, all notice, demands or other communications given hereunder shall be in writing and shall be deemed to have been duly given

as of the third business day after mailing by United States registered or certified mail, return receipt requested, addressed as follows:

> To Plaintiffs:
>
>> Joseph H. Chivers, Esquire
>> The Employment Rights Group
>> 100 First Avenue, Suite 650
>> Pittsburgh, PA 15222
>
> To Defendant:
>
>> Sunshine R. Fellows, Esquire
>> Chloe C. Zidian, Esquire
>> Lewis Brisbois Bisgaard & Smith LLP
>> One PPG Place, 28th Floor
>> Pittsburgh, PA 152222

8.4     To be effective, any amendment to the Agreement must be made in writing and signed by counsel for the Parties, and approved by the Court.

8.5     This Agreement and its attachments constitute the entire agreement between the Parties concerning the subject matter hereof. No extrinsic oral or written representations or terms shall modify, vary, or contradict the terms of this Agreement. In the event of any conflict between the Agreement and any other document, the Parties intend that this Agreement shall be controlling.

8.6     This Agreement shall be subject to, governed by, construed, enforced, and administered in accordance with the laws of the Commonwealth of Pennsylvania, both in its procedural and substantive aspects, and shall be subject to the continuing exclusive jurisdiction of the Court. This Agreement shall be construed as a whole according to its fair meaning and intent, and not strictly for or against any party, regardless of who drafted or who was principally responsible for drafting this Agreement or any specific term or condition thereof.

8.7     This Agreement may be executed in counterparts, and when each party has signed and delivered at least on such counterpart, each counterpart shall be deemed an original and, when

taken together with other signed counterparts, shall constitute one Agreement, which shall be binding upon and effective as to all Parties. A faxed or emailed or electronic signature (such as DocuSign) shall be deemed the same as the original.

     **8.8**    The Named Plaintiffs, Class Counsel, and Defense Counsel agree not to encourage, assist, or solicit persons to exclude themselves from the settlement class or object to the settlement.

     **8.9**    If the Court declines to enter, in the form submitted by the Parties as contemplated under this Agreement (or any amended version agreed upon by the Parties), the Final Approval Order, or if the settlement as agreed does not become final for any other reason, the Parties agree to meet and confer in an attempt to address the Court's concerns that precluded approval, and if feasible, to resubmit the settlement for approval within thirty (30) days. If the Parties are unsuccessful, then there shall be no prejudice due to lapse of time to either side and the Parties may proceed with litigation as it existed on the date of the execution of this Agreement. If this Agreement is not approved, the case will proceed as if no settlement had been attempted, and Defendants retain the right to contest whether this case should be maintained as a collective and/or class action and to contest the merits of any claims being asserted in the Civil Actions.

     IN WITNESS WHEREOF, and intending to be legally bound, the Parties and all Plaintiffs hereby execute this Agreement on the dates indicated below:

Dated: _____

                                 Named Plaintiff Taylor Duke

Dated: _____

                                 Named Plaintiff Claudio Morales

Dated: _____

                                 Named Plaintiff Jamie Sutton

Dated: _____          _____

                                Named Plaintiff Jasmine Cooley

Dated: _____          _____

                                Named Plaintiff Jessica Jordan

Dated: _____          _____

                                Named Plaintiff Megan Boyer

Dated: _____          _____

                                Named Plaintiff Megan Desmond

Dated: _____          _____

                                Named Plaintiff Sofia Molina

Dated: _____          _____

                                Named Plaintiff Gavin Stephens

Dated: _____          _____

                                Named Plaintiff Helen Thurber

Dated: _____          _____

                                Named Plaintiff Teanna Squires

Dated: _____          _____

                                Named Plaintiff David Clarke

Dated: _____          _____

                                Named Plaintiff Nola Kammer

Dated: _____          _____

                                Named Plaintiff Kyle Kammer

Dated: _____          _____

                                Named Plaintiff Dorcas Cantrell

Dated: _____          _____

                                Named Plaintiff Nicole Royal

Dated: _____          _____

                                Named Plaintiff Benjamin Reeve

Dated: _____          _____

                                Named Plaintiff Jennifer Rodriguez-Lopez

Dated: _____          _____

                                Named Plaintiff Juan Sanchez

Dated: _____          _____

                                Named Plaintiff York Alvarado

Dated: _____          _____

                                Named Plaintiff Gabrielle Lavalle

Dated: _____          _____

                                Named Plaintiff Alexis Wilson

Dated: _____          _____

                                Named Plaintiff Kaitlin Shoemaker

Dated: _____          _____

                                Named Plaintiff Gabrielle Marie Hauze

Dated: _____          _____

                                Named Plaintiff Gilbert Valentin

Dated: _____          _____

                                Deponent Daryl Beck

Dated: _____          _____

                                Deponent Alexis Carbaugh

Dated: _____          _____

                                Deponent Chelsea Pauline Weber

Dated: _____          _____

                                Deponent Dillon Morris

Dated: _____          _____

                                Deponent Gerelle Porter

Dated: _____          _____

                                Deponent Heather Priggins

Dated: _____          _____

                                Deponent Joseph Graper

Dated: _____          _____

                                Deponent Michael David Dutton

Dated: _____          _____

                                Deponent Quincy Morgan Rush

Dated: 6/28/2022                 *Joseph H. Chivers*
                                _____
                                A2AAB3F0A45F429...

                                Class Counsel, The Employment Rights Group

Dated: 6/28/2022                 *Jeffrey W. Chivers*
                                _____
                                A9B327D6FD7A4A0...

                                Class Counsel, Chivers LLP

Dated: 6/21/2022 _____

DocuSigned by:

SATTAR SHAIK

14B0CF0730404FA...

For Harvest Hospitalities, Inc.

Dated: 6/21/2022 _____

DocuSigned by:

SATTAR SHAIK

14B0CF0730404FA...

Sattar Shaik

Dated: 6/22/2022 _____

DocuSigned by:

Sunshine R. Fellows

A0536CF3238D4AF...

Defense Counsel, Sunshine R. Fellows

taken together with other signed counterparts, shall constitute one Agreement, which shall be binding upon and effective as to all Parties. A faxed or emailed or electronic signature (such as DocuSign) shall be deemed the same as the original.

     **8.8**    The Named Plaintiffs, Class Counsel, and Defense Counsel agree not to encourage, assist, or solicit persons to exclude themselves from the settlement class or object to the settlement.

     **8.9**    If the Court declines to enter, in the form submitted by the Parties as contemplated under this Agreement (or any amended version agreed upon by the Parties), the Final Approval Order, or if the settlement as agreed does not become final for any other reason, the Parties agree to meet and confer in an attempt to address the Court's concerns that precluded approval, and if feasible, to resubmit the settlement for approval within thirty (30) days. If the Parties are unsuccessful, then there shall be no prejudice due to lapse of time to either side and the Parties may proceed with litigation as it existed on the date of the execution of this Agreement. If this Agreement is not approved, the case will proceed as if no settlement had been attempted, and Defendants retain the right to contest whether this case should be maintained as a collective and/or class action and to contest the merits of any claims being asserted in the Civil Actions.

     IN WITNESS WHEREOF, and intending to be legally bound, the Parties and all Plaintiffs hereby execute this Agreement on the dates indicated below:

Dated: ___6/14/2022___          _____

                           C3CDD34658A740F...

                         Named Plaintiff Taylor Duke

Dated: _____         _____

                         Named Plaintiff Claudio Morales

Dated: _____         _____

                         Named Plaintiff Jamie Sutton

taken together with other signed counterparts, shall constitute one Agreement, which shall be binding upon and effective as to all Parties. A faxed or emailed or electronic signature (such as DocuSign) shall be deemed the same as the original.

**8.8**     The Named Plaintiffs, Class Counsel, and Defense Counsel agree not to encourage, assist, or solicit persons to exclude themselves from the settlement class or object to the settlement.

**8.9**     If the Court declines to enter, in the form submitted by the Parties as contemplated under this Agreement (or any amended version agreed upon by the Parties), the Final Approval Order, or if the settlement as agreed does not become final for any other reason, the Parties agree to meet and confer in an attempt to address the Court's concerns that precluded approval, and if feasible, to resubmit the settlement for approval within thirty (30) days. If the Parties are unsuccessful, then there shall be no prejudice due to lapse of time to either side and the Parties may proceed with litigation as it existed on the date of the execution of this Agreement. If this Agreement is not approved, the case will proceed as if no settlement had been attempted, and Defendants retain the right to contest whether this case should be maintained as a collective and/or class action and to contest the merits of any claims being asserted in the Civil Actions.

     IN WITNESS WHEREOF, and intending to be legally bound, the Parties and all Plaintiffs hereby execute this Agreement on the dates indicated below:

Dated: _____   6/14/2022

                              _____
                              C3CDD34658A740F...

                              Named Plaintiff Taylor Duke

Dated: _____   6/21/2022

                              Claudio Morales
                              _____
                              3D43CCEAE4614C6...

                              Named Plaintiff Claudio Morales

Dated: _____

                              _____

                              Named Plaintiff Jamie Sutton

taken together with other signed counterparts, shall constitute one Agreement, which shall be binding upon and effective as to all Parties. A faxed or emailed or electronic signature (such as DocuSign) shall be deemed the same as the original.

**8.8**    The Named Plaintiffs, Class Counsel, and Defense Counsel agree not to encourage, assist, or solicit persons to exclude themselves from the settlement class or object to the settlement.

**8.9**    If the Court declines to enter, in the form submitted by the Parties as contemplated under this Agreement (or any amended version agreed upon by the Parties), the Final Approval Order, or if the settlement as agreed does not become final for any other reason, the Parties agree to meet and confer in an attempt to address the Court's concerns that precluded approval, and if feasible, to resubmit the settlement for approval within thirty (30) days. If the Parties are unsuccessful, then there shall be no prejudice due to lapse of time to either side and the Parties may proceed with litigation as it existed on the date of the execution of this Agreement. If this Agreement is not approved, the case will proceed as if no settlement had been attempted, and Defendants retain the right to contest whether this case should be maintained as a collective and/or class action and to contest the merits of any claims being asserted in the Civil Actions.

IN WITNESS WHEREOF, and intending to be legally bound, the Parties and all Plaintiffs hereby execute this Agreement on the dates indicated below:

Dated: 6/14/2022 _____       _____
                                      Named Plaintiff Taylor Duke

Dated: _____                _____
                                      Named Plaintiff Claudio Morales

Dated: 6/19/2022 _____       _____
                                      Named Plaintiff Jamie Sutton

28

Dated: 6/16/2022 _____

_____

Named Plaintiff Jasmine Cooley

Dated: _____

_____

Named Plaintiff Jessica Jordan

Dated: _____

_____

Named Plaintiff Megan Boyer

Dated: _____

_____

Named Plaintiff Megan Desmond

Dated: _____

_____

Named Plaintiff Sofia Molina

Dated: _____

_____

Named Plaintiff Gavin Stephens

Dated: _____

_____

Named Plaintiff Helen Thurber

Dated: _____

_____

Named Plaintiff Teanna Squires

Dated: _____

_____

Named Plaintiff David Clarke

Dated: _____

_____

Named Plaintiff Nola Kammer

Dated: _____

_____

Named Plaintiff Kyle Kammer

Dated: _____          _____

                                Named Plaintiff Jasmine Cooley

Dated: 6/16/2022
       _____          _____

                                Named Plaintiff Jessica Jordan

Dated: _____          _____

                                Named Plaintiff Megan Boyer

Dated: _____          _____

                                Named Plaintiff Megan Desmond

Dated: _____          _____

                                Named Plaintiff Sofia Molina

Dated: _____          _____

                                Named Plaintiff Gavin Stephens

Dated: _____          _____

                                Named Plaintiff Helen Thurber

Dated: _____          _____

                                Named Plaintiff Teanna Squires

Dated: _____          _____

                                Named Plaintiff David Clarke

Dated: _____          _____

                                Named Plaintiff Nola Kammer

Dated: _____          _____

                                Named Plaintiff Kyle Kammer

Dated: _____         _____

                                Named Plaintiff Jasmine Cooley

Dated: _____         _____

                                Named Plaintiff Jessica Jordan

Dated: 6/19/2022               _____
       _____

                                Named Plaintiff Megan Boyer

Dated: _____         _____

                                Named Plaintiff Megan Desmond

Dated: _____         _____

                                Named Plaintiff Sofia Molina

Dated: _____         _____

                                Named Plaintiff Gavin Stephens

Dated: _____         _____

                                Named Plaintiff Helen Thurber

Dated: _____         _____

                                Named Plaintiff Teanna Squires

Dated: _____         _____

                                Named Plaintiff David Clarke

Dated: _____         _____

                                Named Plaintiff Nola Kammer

Dated: _____         _____

                                Named Plaintiff Kyle Kammer

Dated: _____          _____

                                 Named Plaintiff Jasmine Cooley

Dated: _____          _____

                                 Named Plaintiff Jessica Jordan

Dated: _____          _____

                                 Named Plaintiff Megan Boyer

Dated: 6/16/2022                 _____

                                 Named Plaintiff Megan Desmond

Dated: _____          _____

                                 Named Plaintiff Sofia Molina

Dated: _____          _____

                                 Named Plaintiff Gavin Stephens

Dated: _____          _____

                                 Named Plaintiff Helen Thurber

Dated: _____          _____

                                 Named Plaintiff Teanna Squires

Dated: _____          _____

                                 Named Plaintiff David Clarke

Dated: _____          _____

                                 Named Plaintiff Nola Kammer

Dated: _____          _____

                                 Named Plaintiff Kyle Kammer

Dated: _____          _____

                                 Named Plaintiff Jasmine Cooley

Dated: _____          _____

                                 Named Plaintiff Jessica Jordan

Dated: _____          _____

                                 Named Plaintiff Megan Boyer

Dated: _____          _____

                                 Named Plaintiff Megan Desmond

Dated: 6/16/2022                 _____
_____

                                 Named Plaintiff Sofia Molina

Dated: _____          _____

                                 Named Plaintiff Gavin Stephens

Dated: _____          _____

                                 Named Plaintiff Helen Thurber

Dated: _____          _____

                                 Named Plaintiff Teanna Squires

Dated: _____          _____

                                 Named Plaintiff David Clarke

Dated: _____          _____

                                 Named Plaintiff Nola Kammer

Dated: _____          _____

                                 Named Plaintiff Kyle Kammer

29

Dated: _____         _____

                              Named Plaintiff Jasmine Cooley

Dated: _____         _____

                              Named Plaintiff Jessica Jordan

Dated: _____         _____

                              Named Plaintiff Megan Boyer

Dated: _____         _____

                              Named Plaintiff Megan Desmond

Dated: _____         _____

                              Named Plaintiff Sofia Molina

Dated: 6/16/2022         _____

                              Named Plaintiff Gavin Stephens

Dated: _____         _____

                              Named Plaintiff Helen Thurber

Dated: _____         _____

                              Named Plaintiff Teanna Squires

Dated: _____         _____

                              Named Plaintiff David Clarke

Dated: _____         _____

                              Named Plaintiff Nola Kammer

Dated: _____         _____

                              Named Plaintiff Kyle Kammer

Dated: _____        _____

                              Named Plaintiff Jasmine Cooley

Dated: _____        _____

                              Named Plaintiff Jessica Jordan

Dated: _____        _____

                              Named Plaintiff Megan Boyer

Dated: _____        _____

                              Named Plaintiff Megan Desmond

Dated: _____        _____

                              Named Plaintiff Sofia Molina

Dated: _____        _____

                              Named Plaintiff Gavin Stephens

Dated: 6/20/2022              Helen Thurber
      _____         7A55C0DC0FF7480...

                              Named Plaintiff Helen Thurber

Dated: _____        _____

                              Named Plaintiff Teanna Squires

Dated: _____        _____

                              Named Plaintiff David Clarke

Dated: _____        _____

                              Named Plaintiff Nola Kammer

Dated: _____        _____

                              Named Plaintiff Kyle Kammer

Dated: _____        _____

                              Named Plaintiff Jasmine Cooley

Dated: _____        _____

                              Named Plaintiff Jessica Jordan

Dated: _____        _____

                              Named Plaintiff Megan Boyer

Dated: _____        _____

                              Named Plaintiff Megan Desmond

Dated: _____        _____

                              Named Plaintiff Sofia Molina

Dated: _____        _____

                              Named Plaintiff Gavin Stephens

Dated: _____        _____

                              Named Plaintiff Helen Thurber

Dated: 6/19/2022              _____

                              Named Plaintiff Teanna Squires

Dated: _____        _____

                              Named Plaintiff David Clarke

Dated: _____        _____

                              Named Plaintiff Nola Kammer

Dated: _____        _____

                              Named Plaintiff Kyle Kammer

Dated: _____     _____

Named Plaintiff Jasmine Cooley

Dated: _____     _____

Named Plaintiff Jessica Jordan

Dated: _____     _____

Named Plaintiff Megan Boyer

Dated: _____     _____

Named Plaintiff Megan Desmond

Dated: _____     _____

Named Plaintiff Sofia Molina

Dated: _____     _____

Named Plaintiff Gavin Stephens

Dated: _____     _____

Named Plaintiff Helen Thurber

Dated: _____     _____

Named Plaintiff Teanna Squires

Dated: 6/16/2022     _____

Named Plaintiff David Clarke

Dated: _____     _____

Named Plaintiff Nola Kammer

Dated: _____     _____

Named Plaintiff Kyle Kammer

Dated: _____        _____

                              Named Plaintiff Jasmine Cooley

Dated: _____        _____

                              Named Plaintiff Jessica Jordan

Dated: _____        _____

                              Named Plaintiff Megan Boyer

Dated: _____        _____

                              Named Plaintiff Megan Desmond

Dated: _____        _____

                              Named Plaintiff Sofia Molina

Dated: _____        _____

                              Named Plaintiff Gavin Stephens

Dated: _____        _____

                              Named Plaintiff Helen Thurber

Dated: _____        _____

                              Named Plaintiff Teanna Squires

Dated: _____        _____

                              Named Plaintiff David Clarke

Dated: 6/16/2022  _____  _____

                              Named Plaintiff Nola Kammer

Dated: _____        _____

                              Named Plaintiff Kyle Kammer

Dated: _____          _____

                                Named Plaintiff Jasmine Cooley

Dated: _____          _____

                                Named Plaintiff Jessica Jordan

Dated: _____          _____

                                Named Plaintiff Megan Boyer

Dated: _____          _____

                                Named Plaintiff Megan Desmond

Dated: _____          _____

                                Named Plaintiff Sofia Molina

Dated: _____          _____

                                Named Plaintiff Gavin Stephens

Dated: _____          _____

                                Named Plaintiff Helen Thurber

Dated: _____          _____

                                Named Plaintiff Teanna Squires

Dated: _____          _____

                                Named Plaintiff David Clarke

Dated: _____          _____

                                Named Plaintiff Nola Kammer

Dated: 6/28/2022                 _____
                                 Kyle Kammer
                                 0CD1C13F0741417...

                                Named Plaintiff Kyle Kammer

Dated: 6/17/2022 _____

_____

Named Plaintiff Dorcas Cantrell

Dated: _____

_____

Named Plaintiff Nicole Royal

Dated: _____

_____

Named Plaintiff Benjamin Reeve

Dated: _____

_____

Named Plaintiff Jennifer Rodriguez-Lopez

Dated: _____

_____

Named Plaintiff Juan Sanchez

Dated: _____

_____

Named Plaintiff York Alvarado

Dated: _____

_____

Named Plaintiff Gabrielle Lavalle

Dated: _____

_____

Named Plaintiff Alexis Wilson

Dated: _____

_____

Named Plaintiff Kaitlin Shoemaker

Dated: _____

_____

Named Plaintiff Gabrielle Marie Hauze

Dated: _____

_____

Named Plaintiff Gilbert Valentin

Dated: _____          _____

                               Named Plaintiff Dorcas Cantrell

Dated: 6/19/2022  _____

                               _____

                               Named Plaintiff Nicole Royal

Dated: _____          _____

                               Named Plaintiff Benjamin Reeve

Dated: _____          _____

                               Named Plaintiff Jennifer Rodriguez-Lopez

Dated: _____          _____

                               Named Plaintiff Juan Sanchez

Dated: _____          _____

                               Named Plaintiff York Alvarado

Dated: _____          _____

                               Named Plaintiff Gabrielle Lavalle

Dated: _____          _____

                               Named Plaintiff Alexis Wilson

Dated: _____          _____

                               Named Plaintiff Kaitlin Shoemaker

Dated: _____          _____

                               Named Plaintiff Gabrielle Marie Hauze

Dated: _____          _____

                               Named Plaintiff Gilbert Valentin

Dated: _____          _____

                                Named Plaintiff Dorcas Cantrell

Dated: _____          _____

                                Named Plaintiff Nicole Royal

Dated: 6/19/2022                 _____
       _____

                                Named Plaintiff Benjamin Reeve

Dated: _____          _____

                                Named Plaintiff Jennifer Rodriguez-Lopez

Dated: _____          _____

                                Named Plaintiff Juan Sanchez

Dated: _____          _____

                                Named Plaintiff York Alvarado

Dated: _____          _____

                                Named Plaintiff Gabrielle Lavalle

Dated: _____          _____

                                Named Plaintiff Alexis Wilson

Dated: _____          _____

                                Named Plaintiff Kaitlin Shoemaker

Dated: _____          _____

                                Named Plaintiff Gabrielle Marie Hauze

Dated: _____          _____

                                Named Plaintiff Gilbert Valentin

Dated: _____          _____

                                Named Plaintiff Dorcas Cantrell

Dated: _____          _____

                                Named Plaintiff Nicole Royal

Dated: _____          _____

                                Named Plaintiff Benjamin Reeve

Dated: 6/19/2022                 _____
       _____

                                Named Plaintiff Jennifer Rodriguez-Lopez

Dated: _____          _____

                                Named Plaintiff Juan Sanchez

Dated: _____          _____

                                Named Plaintiff York Alvarado

Dated: _____          _____

                                Named Plaintiff Gabrielle Lavalle

Dated: _____          _____

                                Named Plaintiff Alexis Wilson

Dated: _____          _____

                                Named Plaintiff Kaitlin Shoemaker

Dated: _____          _____

                                Named Plaintiff Gabrielle Marie Hauze

Dated: _____          _____

                                Named Plaintiff Gilbert Valentin

Dated: _____          _____

                                Named Plaintiff Dorcas Cantrell

Dated: _____          _____

                                Named Plaintiff Nicole Royal

Dated: _____          _____

                                Named Plaintiff Benjamin Reeve

Dated: _____          _____

                                Named Plaintiff Jennifer Rodriguez-Lopez

Dated: 6/16/2022                 *Juan Sanchez*
       _____          _____
                                6FE58BB628CC45C...

                                Named Plaintiff Juan Sanchez

Dated: _____          _____

                                Named Plaintiff York Alvarado

Dated: _____          _____

                                Named Plaintiff Gabrielle Lavalle

Dated: _____          _____

                                Named Plaintiff Alexis Wilson

Dated: _____          _____

                                Named Plaintiff Kaitlin Shoemaker

Dated: _____          _____

                                Named Plaintiff Gabrielle Marie Hauze

Dated: _____          _____

                                Named Plaintiff Gilbert Valentin

Dated: _____          _____

                                Named Plaintiff Dorcas Cantrell

Dated: _____          _____

                                Named Plaintiff Nicole Royal

Dated: _____          _____

                                Named Plaintiff Benjamin Reeve

Dated: _____          _____

                                Named Plaintiff Jennifer Rodriguez-Lopez

Dated: _____          _____

                                Named Plaintiff Juan Sanchez

Dated: 6/20/2022                 York Alvarado
_____                 _____
                                A046D602CA8C42C...

                                Named Plaintiff York Alvarado

Dated: _____          _____

                                Named Plaintiff Gabrielle Lavalle

Dated: _____          _____

                                Named Plaintiff Alexis Wilson

Dated: _____          _____

                                Named Plaintiff Kaitlin Shoemaker

Dated: _____          _____

                                Named Plaintiff Gabrielle Marie Hauze

Dated: _____          _____

                                Named Plaintiff Gilbert Valentin

Dated: _____          _____

                                Named Plaintiff Dorcas Cantrell

Dated: _____          _____

                                Named Plaintiff Nicole Royal

Dated: _____          _____

                                Named Plaintiff Benjamin Reeve

Dated: _____          _____

                                Named Plaintiff Jennifer Rodriguez-Lopez

Dated: _____          _____

                                Named Plaintiff Juan Sanchez

Dated: _____          _____

                                Named Plaintiff York Alvarado

Dated: 6/19/2022                 _____
                                 *Gabrielle Lavalle*
                                 DocuSigned by:
                                 7ED5E4627D1A448...

                                Named Plaintiff Gabrielle Lavalle

Dated: _____          _____

                                Named Plaintiff Alexis Wilson

Dated: _____          _____

                                Named Plaintiff Kaitlin Shoemaker

Dated: _____          _____

                                Named Plaintiff Gabrielle Marie Hauze

Dated: _____          _____

                                Named Plaintiff Gilbert Valentin

Dated: _____        _____

                              Named Plaintiff Dorcas Cantrell

Dated: _____        _____

                              Named Plaintiff Nicole Royal

Dated: _____        _____

                              Named Plaintiff Benjamin Reeve

Dated: _____        _____

                              Named Plaintiff Jennifer Rodriguez-Lopez

Dated: _____        _____

                              Named Plaintiff Juan Sanchez

Dated: _____        _____

                              Named Plaintiff York Alvarado

Dated: _____        _____

                              Named Plaintiff Gabrielle Lavalle

Dated: 6/21/2022              _____

                              Named Plaintiff Alexis Wilson

Dated: _____        _____

                              Named Plaintiff Kaitlin Shoemaker

Dated: _____        _____

                              Named Plaintiff Gabrielle Marie Hauze

Dated: _____        _____

                              Named Plaintiff Gilbert Valentin

Dated: _____        _____

                                    Named Plaintiff Dorcas Cantrell

Dated: _____        _____

                                    Named Plaintiff Nicole Royal

Dated: _____        _____

                                    Named Plaintiff Benjamin Reeve

Dated: _____        _____

                                    Named Plaintiff Jennifer Rodriguez-Lopez

Dated: _____        _____

                                    Named Plaintiff Juan Sanchez

Dated: _____        _____

                                    Named Plaintiff York Alvarado

Dated: _____        _____

                                    Named Plaintiff Gabrielle Lavalle

Dated: _____        _____

                                    Named Plaintiff Alexis Wilson

Dated: 6/16/2022 _____



                                    Named Plaintiff Kaitlin Shoemaker

Dated: _____        _____

                                    Named Plaintiff Gabrielle Marie Hauze

Dated: _____        _____

                                    Named Plaintiff Gilbert Valentin

Dated: _____          _____

                                Named Plaintiff Dorcas Cantrell

Dated: _____          _____

                                Named Plaintiff Nicole Royal

Dated: _____          _____

                                Named Plaintiff Benjamin Reeve

Dated: _____          _____

                                Named Plaintiff Jennifer Rodriguez-Lopez

Dated: _____          _____

                                Named Plaintiff Juan Sanchez

Dated: _____          _____

                                Named Plaintiff York Alvarado

Dated: _____          _____

                                Named Plaintiff Gabrielle Lavalle

Dated: _____          _____

                                Named Plaintiff Alexis Wilson

Dated: _____          _____

                                Named Plaintiff Kaitlin Shoemaker

Dated: 6/20/2022 _____   _____

                                Named Plaintiff Gabrielle Marie Hauze

Dated: _____          _____

                                Named Plaintiff Gilbert Valentin

Dated: _____      _____

Named Plaintiff Dorcas Cantrell

Dated: _____      _____

Named Plaintiff Nicole Royal

Dated: _____      _____

Named Plaintiff Benjamin Reeve

Dated: _____      _____

Named Plaintiff Jennifer Rodriguez-Lopez

Dated: _____      _____

Named Plaintiff Juan Sanchez

Dated: _____      _____

Named Plaintiff York Alvarado

Dated: _____      _____

Named Plaintiff Gabrielle Lavalle

Dated: _____      _____

Named Plaintiff Alexis Wilson

Dated: _____      _____

Named Plaintiff Kaitlin Shoemaker

Dated: _____      _____

Named Plaintiff Gabrielle Marie Hauze

Dated: 6/14/2022      _____
F8A4D6B6E45241B...

Named Plaintiff Gilbert Valentin

Dated: 6/16/2022 _____

Deponent Daryl Beck

Dated: _____

_____

Deponent Alexis Carbaugh

Dated: _____

_____

Deponent Chelsea Pauline Weber

Dated: _____

_____

Deponent Dillon Morris

Dated: _____

_____

Deponent Gerelle Porter

Dated: _____

_____

Deponent Heather Priggins

Dated: _____

_____

Deponent Joseph Graper

Dated: _____

_____

Deponent Michael David Dutton

Dated: _____

_____

Deponent Quincy Morgan Rush

Dated: 6/14/2022 _____

Joseph H. Chivers

Class Counsel, The Employment Rights Group

Dated: 6/14/2022 _____

Jeffrey W. Chivers

Class Counsel, Chivers LLP

31

Dated: _____          _____

                                Deponent Daryl Beck

Dated: 6/20/2022                _____
       _____

                                Deponent Alexis Carbaugh

Dated: _____          _____

                                Deponent Chelsea Pauline Weber

Dated: _____          _____

                                Deponent Dillon Morris

Dated: _____          _____

                                Deponent Gerelle Porter

Dated: _____          _____

                                Deponent Heather Priggins

Dated: _____          _____

                                Deponent Joseph Graper

Dated: _____          _____

                                Deponent Michael David Dutton

Dated: _____          _____

                                Deponent Quincy Morgan Rush

Dated: 6/14/2022                _____
       _____

                                Class Counsel, The Employment Rights Group

Dated: 6/14/2022                _____
       _____

                                Class Counsel, Chivers LLP

Dated: _____     _____

Deponent Daryl Beck

Dated: _____     _____

Deponent Alexis Carbaugh

Dated: 6/16/2022     _____
_____

Deponent Chelsea Pauline Weber

Dated: _____     _____

Deponent Dillon Morris

Dated: _____     _____

Deponent Gerelle Porter

Dated: _____     _____

Deponent Heather Priggins

Dated: _____     _____

Deponent Joseph Graper

Dated: _____     _____

Deponent Michael David Dutton

Dated: _____     _____

Deponent Quincy Morgan Rush

Dated: 6/14/2022     _____
_____

Class Counsel, The Employment Rights Group

Dated: 6/14/2022     _____
_____

Class Counsel, Chivers LLP

31

Dated: _____          _____

                                Deponent Daryl Beck

Dated: _____          _____

                                Deponent Alexis Carbaugh

Dated: _____          _____

                                Deponent Chelsea Pauline Weber

Dated: 6/19/2022                 _____

                                Deponent Dillon Morris

Dated: _____          _____

                                Deponent Gerelle Porter

Dated: _____          _____

                                Deponent Heather Priggins

Dated: _____          _____

                                Deponent Joseph Graper

Dated: _____          _____

                                Deponent Michael David Dutton

Dated: _____          _____

                                Deponent Quincy Morgan Rush

Dated: 6/14/2022                 _____

                                Class Counsel, The Employment Rights Group

Dated: 6/14/2022                 _____

                                Class Counsel, Chivers LLP

Dated: _____          _____

                                Deponent Daryl Beck

Dated: _____          _____

                                Deponent Alexis Carbaugh

Dated: _____          _____

                                Deponent Chelsea Pauline Weber

Dated: _____          _____

                                Deponent Dillon Morris

Dated: 6/19/2022                 _____
       _____

                                Deponent Gerelle Porter

Dated: _____          _____

                                Deponent Heather Priggins

Dated: _____          _____

                                Deponent Joseph Graper

Dated: _____          _____

                                Deponent Michael David Dutton

Dated: _____          _____

                                Deponent Quincy Morgan Rush

Dated: 6/14/2022                 _____
       _____

                                Class Counsel, The Employment Rights Group

Dated: 6/14/2022                 _____
       _____

                                Class Counsel, Chivers LLP

31

Dated: _____          _____

                                Deponent Daryl Beck

Dated: _____          _____

                                Deponent Alexis Carbaugh

Dated: _____          _____

                                Deponent Chelsea Pauline Weber

Dated: _____          _____

                                Deponent Dillon Morris

Dated: _____          _____

                                Deponent Gerelle Porter

Dated: 6/16/2022                 _____
       _____           E5DB4F4B5AA24A2...

                                Deponent Heather Priggins

Dated: _____          _____

                                Deponent Joseph Graper

Dated: _____          _____

                                Deponent Michael David Dutton

Dated: _____          _____

                                Deponent Quincy Morgan Rush

Dated: 6/14/2022                 Joseph H. Chivers
       _____           A2AAB3F0A45F429...

                                Class Counsel, The Employment Rights Group

Dated: 6/14/2022                 Jeffrey W. Chivers
       _____           A9B327D6FD7A4A0...

                                Class Counsel, Chivers LLP

31

Dated: _____          _____

                               Deponent Daryl Beck

Dated: _____          _____

                               Deponent Alexis Carbaugh

Dated: _____          _____

                               Deponent Chelsea Pauline Weber

Dated: _____          _____

                               Deponent Dillon Morris

Dated: _____          _____

                               Deponent Gerelle Porter

Dated: _____          _____

                               Deponent Heather Priggins

Dated: _____          _____

                               Deponent Joseph Graper

Dated: 6/20/2022               _____

                               Deponent Michael David Dutton

Dated: _____          _____

                               Deponent Quincy Morgan Rush

Dated: 6/14/2022               _____

                               Class Counsel, The Employment Rights Group

Dated: 6/14/2022               _____

                               Class Counsel, Chivers LLP

Dated: _____        _____

                               Deponent Daryl Beck

Dated: _____        _____

                               Deponent Alexis Carbaugh

Dated: _____        _____

                               Deponent Chelsea Pauline Weber

Dated: _____        _____

                               Deponent Dillon Morris

Dated: _____        _____

                               Deponent Gerelle Porter

Dated: _____        _____

                               Deponent Heather Priggins

Dated: _____        _____

                               Deponent Joseph Graper

Dated: 6/16/2022              *Michael David Dutton*
       _____        A5C8B218CCE94B5...

                               Deponent Michael David Dutton

Dated: _____        _____

                               Deponent Quincy Morgan Rush

Dated: 6/14/2022              *Joseph H. Chivers*
       _____        A2AAB3F0A45F429...

                               Class Counsel, The Employment Rights Group

Dated: 6/14/2022              *Jeffrey W. Chivers*
       _____        A9B327D6FD7A4A0...

                               Class Counsel, Chivers LLP

31

Dated: _____          _____

                                Deponent Daryl Beck

Dated: _____          _____

                                Deponent Alexis Carbaugh

Dated: _____          _____

                                Deponent Chelsea Pauline Weber

Dated: _____          _____

                                Deponent Dillon Morris

Dated: _____          _____

                                Deponent Gerelle Porter

Dated: _____          _____

                                Deponent Heather Priggins

Dated: _____          _____

                                Deponent Joseph Graper

Dated: _____          _____

                                Deponent Michael David Dutton

Dated: 6/19/2022                 *Quincy Morgan-Rush*
       _____           82CC39100F82438...

                                Deponent Quincy Morgan Rush

Dated: 6/14/2022                 *Joseph H. Chivers*
       _____           A2AAB3F0A45F429...

                                Class Counsel, The Employment Rights Group

Dated: 6/14/2022                 *Jeffrey W. Chivers*
       _____           A9B327D6FD7A4A0...

                                Class Counsel, Chivers LLP