# EXHIBIT E

## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TAYLOR DUKE, *on behalf of herself and similarly situated employees*, <br><br>    Plaintiff, <br><br>v. <br><br>HARVEST HOSPITALITIES, INC., and SATTAR SHAIK, <br><br>    Defendants. | Civil Action No. 2:20-865-CCW |
| ALEXIS WILSON, KAITLIN SHOEMAKER and GABRIELLE HAUZE, *on behalf of themselves and similarly situated employees*, <br><br>    Plaintiffs, <br><br>v. <br><br>HARVEST HOSPITALITIES, INC., SATTAR SHAIK, HARVEST 568 INC., HARVEST 3405 INC. and HARVEST 3614 INC., <br><br>    Defendants. | Civil Action No. 2:22-744-CCW |
| NICOLE ROYAL, BENJAMIN REEVE, JENNIFER RODRIGUEZ-LOPEZ, JUAN SANCHEZ, YORK ALVARADO, and GABRIELLE LAVALLE, *on behalf of themselves and similarly situated employees*, <br><br>    Plaintiffs, <br><br>v. <br><br>HARVEST HOSPITALITIES, INC., HARVEST 2017, INC., HARVEST 2051, INC., HARVEST 2085, INC., HARVEST 4694, and SATTAR SHAIK, <br><br>    Defendants. | Civil Action No. 2:22-573-CCW |

2

| | |
|---|---|
| CLAUDIO MORALES, KYLE KAMMER, DWIGHT L. CLARKE, LAWRENCE C. SCOTT, JAMIE SUTTON, JASMINE COOLEY, MEGAN BOYER, *and* JESSICA JORDAN, *on behalf of themselves and similarly situated employees*,<br><br>            Plaintiffs,<br><br>    v.<br><br>HARVEST HOSPITALITIES, INC., SATTAR SHAIK, HARVEST ASSOCIATES INCORPORATED, HARVEST PASADENA, INC., HARVEST-GAMBRILLS, INC., HARVEST KENT ISLAND, INC., HARVEST SALISBURY, INC., HARVEST OCEAN CITY, INC., HARVEST ONLEY, INC., HARVEST MANASSAS MALL, INC., HARVEST MANASSAS, INC., HARVEST 493, INC., HARVEST 591, INC., and HARVEST 575, INC.,<br><br>            Defendants. | Civil Action No. 2:22-772-CCW |

## [PROPOSED] ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT

Before the Court is the Named Plaintiffs' Unopposed Motion for an Order (1) granting final approval to the settlement of claims as set forth in the Settlement Agreement ("Agreement") between the parties in the above-captioned matters; (2) granting approval of payment to the claims administrator; and (3) dismissing the Civil Actions with prejudice in accordance with the terms of the Agreement. Also before the Court is Named Plaintiffs' unopposed motion for an Order approving plaintiffs' application for attorney's fees and costs and approving plaintiffs' application for enhancement payments as provided for in the Agreement.

The Court preliminarily approved the Agreement, a copy of which was attached to the

3

Preliminary Approval Motion, in this action by order entered on _____, 2022 (the "Preliminary Approval Order").

On _____, 2022, the Court conducted a hearing (the "Fairness Hearing") to consider final approval of the Agreement. The Court has considered all matters submitted to it at the Fairness Hearing and otherwise, the pleadings on file, the applicable law, and the record.

For good cause shown, and as more fully explained below, the Motions are GRANTED. The Court ORDERS as follows:

1. **Final Certification of the Settlement Class.** The Settlement Class is comprised of the individuals who belong to any of the following the following Rule 23 Classes and did not timely exclude themselves from the Settlement Class pursuant to the exclusion procedures set forth in the Agreement:

> a. All individuals who, at any time between June 12, 2017, and January 17, 2021, were employed by Defendants as hourly employees in the Commonwealth of Pennsylvania.
>
> b. All individuals who, at any time between September 28, 2015, and January 17, 2021, were employed by Defendants as hourly employees in the State of New Jersey.
>
> c. All individuals who, at any time between September 28, 2018, and January 17, 2021, were employed by Defendants as hourly employees in the State of Maryland.
>
> d. All individuals who, at any time between September 28, 2018, and January 17, 2021, were employed by Defendants as hourly employees in the Commonwealth of Virginia.

The Court finds that the Settlement Class, as defined in the Agreement, meets the requirements of Rule 23(a) and Rule 23(b)(3) of the Federal Rules of Civil Procedure. Accordingly, for the purposes of settlement, the Court certifies the Settlement Class.

2. **Class Representatives.** For purposes of settlement, the Court appoints the Named

Plaintiffs set forth in Section 1.8 of the Agreement to serve as Class Representatives with respect to the settlement.

3.  **Class Counsel.** For purposes of the settlement, the Court appoints as Class Counsel for the Settlement Class Joseph H. Chivers of the law firm The Employment Rights Group, LLC (100 First Avenue, Suite 650, Pittsburgh, PA 15222), and Jeffrey W. Chivers and Theodore I. Rostow of Chivers LLP (300 Cadman Plaza West, 12th Floor, Brooklyn, New York, 11201).

4.  **Approval of the Agreement.** The Court approves the Agreement and finds that it is a reasonable compromise of the claims of the Named Plaintiffs and the Settlement Class, reached by the Parties after the exchange of information, extensive litigation, and intensive arms-length negotiations with the assistance of experienced counsel. The Agreement is fair, just, reasonable and adequate to, and in the best interest of, the Settlement Class. It achieves a definite and certain result for the benefit of the Settlement Class that is preferable to continuing litigation in which the Settlement Class would necessarily confront substantial risk, uncertainty, delay, and cost. The Court also finds that the settlement terms negotiated by the parties and described in their Agreement are a fair and reasonable resolution of a bona fide dispute between the Named Plaintiffs, Rule 23 Class Members, and the Defendants.

This Order constitutes final approval of the Agreement. The Agreement is binding on the parties to it and on all members of the Settlement Class in accordance with the terms of the Agreement, excepting only those individuals, if any, who effectively excluded themselves from the Settlement Class in accordance with the terms of the Agreement.

5.  **Notice to the Class.** The Court determines that the Notice was given as required by the Preliminary Approval Order. The Court finds that the notice given of the proposed settlement was the best practical notice under the circumstances and provided all members of the

Settlement Class with fair and adequate notice of the terms of the settlement, the Fairness Hearing, and the opportunity to object to the settlement and/or exclude themselves from the settlement. The Court finds the Notice satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure.

6. **Attorneys' Fees and Litigation Expenses.** The Court approves Class Counsel's requested fees and expenses award of $_____. The Court finds this fee award is justified. The Court finds that the Expenses Payment requested in Named Plaintiffs' unopposed motion is reasonable and that Class Counsel shall be awarded the requested amount for litigation expenses actually incurred in the prosecution of this litigation. The Claims Administrator shall be awarded up to $_____ for its reasonable fees and expenses incurred in the administration of the settlement.

7. **Enhancement Payments.** The Enhancement Payments to the Named Plaintiffs and Deponents as set forth in the Motion for Approval of Attorneys' Fees, Costs, and Enhancement Awards are approved for their substantial services for the benefit of the settlement classes.

8. **Administering the Settlement of Claims.** The Parties and the Settlement Administrator shall administer the settlement as set forth in the Agreement.

9. **Release of Claims.** After this judgment becomes final and upon Defendant Shaik's transmission of the first and second installments of the Gross Settlement Amount to the Claims Administrator, on the schedule set forth in the Agreement (including Section 1.24 of the Agreement), the Named Plaintiffs and Settlement Class Members, are forever barred from bringing or presenting any action or proceeding against any Released Party that involves or asserts any of the Released Claims (as those terms are defined in the Agreement).

10. The Court hereby closes the case administratively.  If Defendant Shaik makes the

two installment payments as set forth in the Settlement Agreement, then the Parties shall, no later than July 15, 2024, file a stipulation of dismissal with prejudice of the Civil Actions. If Defendant Shaik does not make the two installment payments as set forth in the Settlement Agreement, then the Parties shall, no later than July 15, 2024, file a notice with the Court proposing the next steps, if any, that would be appropriate in that scenario.

11. **Dispute Resolution.** Without affecting the finality of this judgment, the Court reserves jurisdiction over the implementation, administration, and enforcement of this judgment and the Agreement and all matters ancillary to the same.

12. **Non-Admission.** This Order and the Agreement are not evidence of, or an admission or concession on the part of, the Released Parties with respect to any claim of any fault, liability, wrongdoing, or damages whatsoever.

13. **Order for Settlement Purposes.** The findings and rulings in this Order are made for the purposes of settlement only and may not be cited or otherwise used to support the certification of any contested class or subclass in any other action.

14. **Use of Agreement and Ancillary Terms.** Neither the Agreement nor any ancillary documents, actions, statements, or filings in furtherance of settlement (including matters associated with the mediation) will be admissible or offered into evidence in any action related or similar to this one for the purposes of establishing, supporting or defending against any claims that were raised or could have been raised in this action or are similar to such claims.

DATED this ___ day of _____, _____.

BY THE COURT:

_____
CHRISTY CRISWELL WIEGAND
United States District Judge
