IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TAYLOR DUKE, *on behalf of herself and similarly situated employees* | ) ) ) | |
| Plaintiff, | ) ) ) | 2:20-CV-00865-CCW |
| v. | ) ) ) | |
| HARVEST HOSPITALITIES, INC., SATTAR SHAIK, | ) ) ) ) | |
| Defendants. | ) ) | |
| ALEXIS WILSON, KAITLIN SHOEMAKER and GABRIELLE HAUZE, *on behalf of themselves and similarly situated employees*, | ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) ) | 2:22- CV-00744-CCW |
| HARVEST HOSPITALITIES, INC., SATTAR SHAIK, HARVEST 568 INC., HARVEST 3405 INC. and HARVEST 3614 INC., | ) ) ) ) ) ) | |
| Defendants. | ) ) | |
| NICOLE ROYAL, BENJAMIN REEVE, JENNIFER RODRIGUEZ-LOPEZ, JUAN SANCHEZ, YORK ALVARADO, and GABRIELLE LAVALLE, *on behalf of themselves and similarly situated employees*, | ) ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) ) | 2:22-CV-00753-CCW |
| HARVEST HOSPITALITIES, INC., HARVEST 2017, INC., HARVEST 2051, INC., HARVEST 2085, INC., HARVEST 4694, and SATTAR SHAIK, | ) ) ) ) ) ) | |
| Defendants. | ) | |

| | |
|---|---|
| CLAUDIO MORALES, KYLE KAMMER, DWIGHT L. CLARKE, LAWRENCE C. SCOTT, JAMIE SUTTON, JASMINE COOLEY, MEGAN BOYER, *and* JESSICA JORDAN, *on behalf of themselves and similarly situated employees*,<br><br>   Plaintiffs,<br><br>   v.<br><br>HARVEST HOSPITALITIES, INC., SATTAR SHAIK, HARVEST ASSOCIATES INCORPORATED, HARVEST PASADENA, INC., HARVEST-GAMBRILLS, INC., HARVEST KENT ISLAND, INC., HARVEST SALISBURY, INC., HARVEST OCEAN CITY, INC., HARVEST ONLEY, INC., HARVEST MANASSAS MALL, INC., HARVEST MANASSAS, INC., HARVEST 493, INC., HARVEST 591, INC., and HARVEST 575, INC.,<br><br>   Defendants. | 2:22-CV-00772-CCW |

## ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

Before the Court is the Named Plaintiffs' Unopposed Motion for Preliminary Approval of Class Action Settlement ("Motion") and the pertinent materials filed with that motion. For good cause shown, and as more fully explained in the Court's memorandum opinion, the Motion is **GRANTED**. The Court **ORDERS** as follows:

1. **Preliminary Certification of the Rule 23 Classes.** For the purposes of settlement only, the Court preliminarily finds that each of the four proposed classes meet the requirements of Rule 23(a) and Rule 23(b)(3) of the Federal Rules of Civil Procedure.

2

Accordingly, the Court certifies for settlement purposes only the following proposed "Rule 23 Classes":

- a. "Pennsylvania Rule 23 Class":
    - i. All individuals who, at any time between June 12, 2017, and January 17, 2021, were employed by Defendants as hourly employees in the Commonwealth of Pennsylvania.
- b. "New Jersey Rule 23 Class":
    - i. All individuals who, at any time between September 28, 2015, and January 17, 2021, were employed by Defendants as hourly employees in the State of New Jersey.
- c. "Maryland Rule 23 Class":
    - i. All individuals who, at any time between September 28, 2018, and January 17, 2021, were employed by Defendants as hourly employees in the State of Maryland.
- d. "Virginia Rule 23 Class":
    - i. All individuals who, at any time between September 28, 2018, and January 17, 2021, were employed by Defendants as hourly employees in the Commonwealth of Virginia.

Collectively, the Pennsylvania Rule 23 Class Members[1], the New Jersey Rule 23 Class Members, the Maryland Rule 23 Class Members, and the Virginia Rule 23 Class Members are the "Rule 23 Class Members." Not later than fourteen (14) days after the date of this Order, Defendant will provide the Settlement Administrator with a spreadsheet listing the names, last known addresses, last known email addresses (if available to Defendants), and last known phone numbers (if available to Defendants) of the Rule 23 Class Members.

2. **Nullification.** This Order will be null and void and of no force or effect, and this action

---

[1] Defined Terms not defined herein are set forth in the Settlement Agreement between the Parties (the "Agreement"). ECF No. 144-1.

will proceed as though a class had never been certified, if the Agreement is not finally approved by the Court or if the Agreement, after being finally approved by the Court, is invalidated on appeal or terminated pursuant to its own terms.

3. **Class Representatives.**  The Court grants approval to the Named Plaintiffs set forth in Section 1.8 of the Agreement to serve as Class Representatives with respect to the settlement.

4. **Class Counsel.**  The Court appoints as Class Counsel for the Settlement Class Members Joseph H. Chivers of the law firm The Employment Rights Group, LLC (100 First Avenue, Suite 650, Pittsburgh, PA 15222), and Jeffrey W. Chivers and Theodore I. Rostow of Chivers LLP (300 Cadman Plaza West, 12th Floor, Brooklyn, New York, 11201).

5. **Preliminary Approval of the Agreement.**  The proposed settlement set forth in the Agreement appears, upon preliminary review, to be fair, reasonable and adequate and is therefore preliminarily approved subject to further consideration thereof at the Fairness Hearing, as provided in Paragraph 7 below.  It is found that the Notice of the Proposed Settlement should be given as provided in the Agreement and set forth in Paragraph 8 below.

6. **Settlement Administrator.**  Rust Consulting, Inc. is approved as the Settlement Administrator of the settlement as set forth in the Agreement.

7. **Fairness Hearing**.  Under Rule 23(e) of the Federal Rules of Civil Procedure, a Fairness Hearing will be held on **December 8, 2022**, at **4:00 p.m.** to consider final approval of the Agreement.  The date and time of the Final Approval Hearing shall be set forth in the Notice, but the Final Approval Hearing shall be subject to adjournment by the Court without further notice to the Rule 23 Class Members other than that which may be posted by the Court.  At least fourteen (14) days before the Fairness Hearing Plaintiffs shall file their Motion for final approval of the settlement as to the Rule 23 Classes and the FLSA collective shall be due on or before of the Rule

23 Classes.

8. **Notice to the Class.**  The Notice of Proposed Settlement of Class Action Lawsuit and Fairness Hearing (the "Notice") attached as Exhibit F to the Agreement is approved.  The Court orders that the Settlement Administrator mail the Notice as set forth in the Agreement to the members of the Class. The Court also approves the form of the Claim Form (Exhibit A to the Agreement), the form of Email Notice (Exhibit B to the Agreement), and the form of Text Message Notice (Exhibit C to the Agreement), which shall respectively be distributed via email and text message by the Settlement Administrator in accordance with the Agreement.

9. **Exclusion from the Settlement**.  Any Rule 23 Class Member who does not wish to participate in the settlement may request exclusion from the class by submitting a signed request for exclusion to the Settlement Administrator.   To be effective, such request for exclusion must include the individual's name and an unequivocal statement that the individual requests to be excluded from the class, and it must be received by the Settlement Administrator postmarked no later than sixty (60) days from the date of mailing of the Notice.

10. **Objections.**  Any Rule 23 Class Members who wish to present objections to the proposed settlement at the Fairness Hearing must do so first in writing and also indicate his or her intentions to appear at the Fairness Hearing.  To be considered, such statements must be sent to the Claims Administrator via U.S. First Class Mail, and be received by the Settlement Administrator postmarked by a date certain, to be specified on the Notice, which shall be for each Rule 23 Class Member sixty (60) days after the initial mailing by the Settlement Administrator of the Notice. The objection must be signed by the class member and include his or her name;  current address; dates of employment and job title(s) while employed with Harvest Hospitalities, Inc.; a written statement of all grounds for the objection accompanied by any legal support for such objection;

copies of any papers, briefs, or other documents upon which the objection is based; a list of all persons who will be called to testify in support of the objection; and a statement of whether the objector intends to appear at the fairness hearing in this matter and, if so, the name of all attorneys representing the objector who will appear at the fairness hearing. An objector may withdraw his or her objections at any time. No Rule 23 Class Member may appear at the Fairness Hearing unless he or she has filed a timely objection that complies with the procedures provided herein. Any Rule 23 Class Member who requests exclusion from the class may not submit objections to the settlement. The Parties may file with the Court written responses to any filed objections no later than fourteen (14) calendar days before the Fairness Hearing.

11. **Motion for Attorneys' Fees, Costs, and Enhancement Awards.** At least fourteen (14) days before the deadline to object to or opt out of the settlement, Class Counsel shall file their motion for attorneys' fees, costs, and class representative enhancements.

12. **Effect of the Agreement.** All Rule 23 Class Members who do not timely and properly exclude themselves from the class will be bound conclusively by all of the terms of the Agreement, if finally approved, and by any judgment entered upon final approval. Class Counsel will file returned exclusion statements with the Court as set forth in the Agreement.

13. **Order for Settlement Purposes.** The findings and rulings in this Order are made for the purposes of settlement only and may not be cited or otherwise used to support the certification of any contested class or subclass in this action or any other action.

14. **Stay.** All proceedings in this action, other than such proceedings as may be necessary to carry out the terms and conditions of the Agreement or as the Court otherwise determines are necessary, are stayed and suspended until further order of the Court.

15. **Use of Agreement and Ancillary Terms.** Neither the Agreement (whether or not it is

finally approved) nor any ancillary documents, actions, statements, or filings in furtherance of settlement (including matters associated with the mediation) will be admissible or offered into evidence in any action related or similar to this one for the purposes of establishing, supporting or defending against any claims that were raised or could have been raised in this action or are similar to such claims.

IT IS SO ORDERED.

DATED this 11th day of August, 2022.

BY THE COURT:

/s/ Christy Criswell Wiegand
CHRISTY CRISWELL WIEGAND
United States District Judge

cc (via ECF email notification):

All Counsel of Record